[No. 22112. Department One. March 25, 1930.]

PETER VAN BELLINGER, *Respondent*, v. THE DEPARTMENT OF LABOR AND INDUSTRIES, *Appellant*.[1]

*The Attorney General* and *Harry Ellsworth Foster, Assistant*, for appellant.

*Vanderveer, Bassett & Levinson*, for respondent.

[1]Reported in 285 Pac. 1115.

Tolman, J.—The respondent was injured on May 28, 1926, while an employee of the city of Seattle working in a sewer. He made claim to the department, which was allowed, his injury was immediately classified as a temporary total disability, and he was carried on time loss to September 21, 1927, when, his condition being reported as fixed, he was awarded permanent partial disability, rated at ten degrees, for which he was paid the statutory allowance of $300, and his claim was closed. Thereafter respondent made timely application for a rehearing before the joint board of the department, his notice of appeal or application addressed to the joint board being as follows:

"Oct. 3, 1927.
"Department of Labor & Industries,
"Olympia, Washington.
    "Re: Claim 362558 Peter Van Bellinger
    "Gentlemen: You will please take notice that the above named claimant hereby appeals to the joint board of the department of labor and industries from the order of September 24, 1927, terminating total temporary time loss payments on September 21, 1927, and awarding $300 compensation for permanent partial disability on the ground that said permanent partial disability award is wholly inadequate and arbitrary."

This application was granted, a rehearing was had before the joint board, testimony was offered on behalf of respondent, and the board by its order denied the respondent any relief. Thereupon an appeal was taken to the superior court.

In the hearing before the joint board, respondent's contention clearly appears to have been not that he had been improperly classified, but that too small an award had been made. The physician produced by him testified:

"A. Well, this is just another one of the same cases that we see so many of—a working man who developed

hypertrophic arthritis and dilation of the arteries and that sort of thing; and while the accident isn't the thing that originally causes their trouble there isn't any question but the accident is quite a factor in precipitating the symptoms and aggravating the condition. Q. The condition might have gone on for how long without realizing that he had an arthritic condition, from what you heard of his history this morning? A. What is his age? Q. 51. A. Well, I would say, from the appearance of his chest, and from the appearance of his spine, the probabilities are he would probably have been able to do pretty good physical labor for, oh, six or eight years. Q. Will he ever be able to do the kind of work that he should do, again? A. The kind of work he was doing before the injury? Q. Yes. A. No, I don't think he will. . . . Q. If you were rating his disability, what would you say the percentage of his disability is? MR. VANDERVEER: Due to the accident, you mean? Q. Yes. DR. JONES: Oh, I think I would rate him about twenty-five per cent. Q. 25%? A. Yes. Q. Now, the rating, Doctor—our rating is for disability. Eighty degrees is the maximum for disability. Do you mean twenty-five per cent of eighty? A. Yes. That would be, on the basis of one hundred per cent, in the neighborhood of thirty-five per cent.''

And at the close of the testimony, respondent's position at that time was clearly revealed by the following:

''MR. VANDERVEER: My view is that this man is entitled to a disability rating in terms of degrees, or percentage, in proportion to the time that his working life has been shortened. Apparently it has been cut in two, approximately, and the ten degrees rating which I think you gave him in this case, or one eighth of the twelve and one half per cent rating, is ridiculously low. MR. SHAUGHNESSY: You tell in here that the claimant is a permanent total disability. MR. VANDERVEER: I simply said your award is inadequate and arbitrary. That is all there is to be said. MR. SHAUGHNESSY: You are supposed to say, when you are con-

tending here, that this disability rating is too low, or if it is a total disability case, that the rating is wrong. MR. VANDERVEER: Manifestly, it isn't a total disability case, for he has an arthritis which some time would have shortened his working career. All I can say is that the rating is too low; I don't know what it is. MR. SHAUGHNESSY: I don't know either; that is something for the doctors to determine. MR. VANDERVEER: In this case I think he ought to have three times what he got—easily."

At the trial in the superior court, the record as made in the department, showing everything occurring prior to the trial, was introduced in evidence. The department called as witnesses two physicians who were familiar with the case, and their testimony was generally in support of the departmental ruling. No rebuttal testimony was offered, and the trial court thereupon announced his decision as follows:

"THE COURT: As I view this case, it seems to be an honest difference of opinion between at least some of the doctors and one of them. As I said a while ago, I was very desirous under the facts in the case to increase the amount which the department allowed to this party. I do not see, however, that I am in a position to set up my judgment and my opinion of the matter, which appears to be a discretionary matter in this court in regard to what allowance should be made; although I am frank to state that if I had been a member of the commission, realizing my own experience along this line, I would have allowed a larger sum. The question is whether or not it is for me to say that these other doctors are wrong in their opinion and Doctor Jones right in his opinion. It seems to be an honest difference of opinion between them. I do not think I can consistently, under the evidence in the case, increase the award, although I would like very much to do so."

Thereafter a motion was made by the respondent for a new trial and a reconsideration, and then for the first

time error in classification was probably suggested. Following that, the trial court entered findings of fact to the effect that respondent had suffered a permanent total disability which disabled him from performing any work at any gainful occupation, and thereafter entered a judgment establishing permanent total disability. From this judgment the department has appealed.

Disregarding the formal assignments of error, the contention of the department here seems to be two-fold: First, that, by the notice to the joint board, respondent did not raise the question of error in classification and that, therefore, any such error was thereby waived and could not thereafter be taken advantage of; and, second, that, with the matter of classification eliminated, the action of the department may be reviewed and set aside only where it is found to be arbitrary or capricious, citing *Knipple v. Department of Labor and Industries,* 149 Wash. 594, 271 Pac. 880, and that there is here no evidence of arbitrary or capricious action.

The notice of appeal to the joint board, if strictly construed, might warrant the construction which the appellant has placed upon it, but, in view of the conclusion we have reached upon the merits, after considering the entire record, we do not feel called upon at this time to pass upon the first question, the more so, as we hesitate to lay down a strict technical rule which might, in some cases, deprive a worthy claimant with a just cause from having the orders of the department reviewed.

■ A careful reading of the entire record convinces us that the testimony preponderates against the findings of the trial court as to a total permanent disability. Indeed, the trial court, when the matter was fresh in his mind, seems to have felt that, though the

award was too small, the classification was correct and, since the amount of the award was discretionary and no arbitrary or capricious action was shown, the court was not at liberty to disturb it.

Notwithstanding the formal findings to the contrary which followed, we are convinced that the first position of the trial court was correct; that there was no error in classification shown, and no arbitrary or capricious action established, and therefore the judgment of the trial court is reversed and the order of the department affirmed.

PARKER, BEALS, and MILLARD, JJ., concur.