[No. 22005.  *En Banc*.  April 28, 1930.]

GEORGE BABIC, *Respondent*, v. DEPARTMENT OF LABOR
AND INDUSTRIES, *Appellant*.[1]

[1]Reported in 287 Pac. 32.

*The Attorney General* and *Harry Ellsworth Foster, Assistant,* for appellant.

*John E. Belcher,* for respondent.

MITCHELL, C. J.—This is an appeal from a judgment of the superior court of Grays Harbor county, reversing an order of the joint board of the department of labor and industries refusing a rehearing on a denial by the department of labor and industries of the application of George Babic to reopen his claim and allow him further compensation.

Respondent Babic was injured while engaged in extra-hazardous employment on May 15, 1925, and upon reporting his injuries to the department they were classified as constituting temporary total disability and he was awarded monthly compensation accordingly. Later the claim was closed on two occasions, and as often reopened until it was finally closed on August 9, 1927, by the department allowing monthly compensation at that time down until July 19, 1927, and refusing to make any further payments, notifying Babic accordingly, upon the theory or finding that he was no longer under any disability.

Thereafter he applied for a rehearing before the joint board of the department as provided by Rem. Comp. Stat., § 7697, as amended by § 8, ch. 310, Laws of 1927, p. 850 (Rem. 1927 Sup., § 7697), and in this respect we concede for the purposes of this case only that his petition and application to the joint board for a rehearing was sufficiently specific under the provisions of the amendatory statute, notwithstanding the contention of the department to the contrary. Babic appealed to the superior court, with the result, as already stated, that the order of the department denying a new trial before the department was reversed.

The trial in the superior court was had under § 8, ch. 310, Laws of 1927, p. 850, already referred to, wherein it is provided that, on the appeal, the hearing in the superior court shall be *de novo*. There was in the trial no controversy over any evidence offered or received other than the contention of the department that the claimant's petition to the joint board for a rehearing was not sufficiently specific, upon being denied, to form the basis for an appeal to the courts at all, as to which contention, as before stated, we treat the petition and application as sufficient for the purposes of this appeal.

The manifest theory and plan of the workmen's compensation law is to commit its enforcement to the officers of the department who, by training and experience, become acquainted with and give their time and attention to the solution of its peculiar problems, with as little appeal to the courts as necessary. Among other things in this regard, section 8 of the amendatory act provides that orders of the department of labor and industries shall be served upon the person affected thereby. From such order there is no appeal at once to the courts, but the person aggrieved must, prior to any appeal to the courts, serve upon the director of labor and industries an application for a rehearing before the joint board of the department, consisting of the director of labor and industries, the supervisor of industrial insurance and the supervisor of safety, setting forth in full detail the grounds upon which the applicant considers the award or order is unjust or unlawful, and shall include therein every issue to be considered by the joint board, and must set out a detailed statement of facts upon which such claimant or other person relies in support of his application for a rehearing; thus providing in particular detail for a thorough and complete presentation, investi-

gation and understanding of all claims and demands before the department. Only after an adverse ruling on the part of the joint board, or a rehearing is deemed denied as provided in the act, does an appeal lie to the superior court, where, as already stated, the trial is *de novo;* and, for the purpose of the trial in the superior court, the act directs that a certified copy of the complete record of the department of labor and industries on the claim shall be filed with the clerk of the superior court and become a part of the record in such court. Still further, and in consonance with the administrative features of this act, it is provided, as to the hearing in the superior court, as follows:

"If the court shall determine that the department has acted within its power and has correctly construed the law and found the facts, the decision of the department shall be confirmed; otherwise, it shall be reversed or modified. In case of a modification or reversal the superior court shall refer the same to the department of labor and industries with an order directing it to proceed in accordance with the findings of the court: . . . ." (Rem. 1927 Sup., § 7697.)

And finally, in the same section of the amendatory act, it is provided:

"In all court proceedings under or pursuant to this act the decision of the department shall be *prima facie* correct, and the burden of proof shall be upon the party attacking the same." (Rem. 1927 Sup., § 7697.)

Thus it clearly appears, in our opinion, that the courts, exercising their proper functions, of course, must defer largely to the officers of the department in the administration of this law. It is from this viewpoint that the large record in this case has been examined and considered. There was a decided conflict in the evidence, consisting largely of the oral testimony of expert witnesses before the trial judge, upon which, together with other records in the case, his find-

ings and order were based. We find it unnecessary to set out or to attempt to set out even substantially the testimony in the case. A great many of the findings are not important here, as they consist of the substance of reports made to the department by the many physicians and surgeons who examined the claimant at the request of the department.

However, there were certain material and important findings of fact based upon either undisputed proof or a clear preponderance of the evidence, in effect as follows: That the department closed this claim with a stated number of degrees of permanent partial disability for which an allowance was made, and allowed time loss to July 19, 1927, since which time claimant has received nothing; that claimant is now, and at all times since May 15, 1925, has been, suffering from certain specified bodily ailments, the direct result of injuries received by him on May 15, 1925; that the defendant has refused to reopen the claim and the claimant is entitled to have the case reopened and entitled to time loss since July 19, 1927; and that the claimant is at least temporarily totally disabled from following any gainful occupation. Upon the findings the conclusion was drawn by the trial court that plaintiff's case should be reopened and the department required to pay him time loss from July 19, 1927, with such treatment for his ailments as may be necessary.

An additional finding was made and carried into the court's final order to the department with reference to the giving of treatment to the extent necessary to effect a cure, or, if incurable, then a final settlement on the basis of permanent total disability, which, with all due respect to the trial court, was unnecessary and immaterial, not being within the issues and being a matter for the necessary attention of the department as a matter of course under the law upon a reopening of

the claim. This finding and the portion of the order covering it will be omitted from the final order to be certified to the department. Also the statement in the order appealed from "that there be a reclassification of his ailment, which the evidence shows to be hysteria" shall be eliminated from the final order to be certified to the department. Hysteria cannot be termed a classification under the terms of the law, but only a disease, as shown by the evidence. Besides, it of course will be considered by the department upon its treatment of the case upon its being reopened as directed by the final order.

The findings of fact and final order for certification to the department will be modified as above directed; in all other respects they are approved and affirmed.

MILLARD, PARKER, MAIN, BEALS, TOLMAN, HOLCOMB, and FRENCH, JJ., concur.