[No. 22467. Department One. June 10, 1930.]

W. E. MULLEN, *Respondent*, v. THE DEPARTMENT OF LABOR AND INDUSTRIES, *Appellant.*[1]

*The Attorney General* and *Harry Ellsworth Foster, Assistant,* for appellant.

*Phil. K. Eaton,* for respondent.

MILLARD, J.—On September 21, 1925, the plaintiff was injured while employed by the Raymond Lumber Company. In addition to an injury to his leg, he sustained an injury to his back consisting of a compression fracture of the third and fourth lumbar vertebrae, and the dislocation of the fifth lumbar on the fourth. The department classified his injuries as temporary total disability, and paid compensation to him therefor. On March 2, 1926, the plaintiff was advanced three degrees for permanent partial disability and was paid ninety dollars in addition to the payment made for time lost. On August 10, 1926, the claim was closed with an additional permanent partial disability

[1]Reported in 288 Pac. 926.

award of twenty-seven degrees for which he was paid eight hundred and ten dollars. On March 24, 1927, the case was reopened, when additional time loss was paid, and an additional permanent partial disability award of ten degrees made, for which plaintiff was paid three hundred dollars. On November 26, 1928, the plaintiff filed the following application with the department of labor for reopening the claim:

"I hereby apply for reopening of my claim for the following reasons:

"1. Since my claim was closed on or about the 22nd day of March 1927, with an award of 40° for permanent partial disability, I find that I am unable to perform any work at any gainful occupation on account of my injuries.

"2. That since my claim was closed my physical condition has become worse and aggravated due to said injury in this that I am bothered from time to time with cramps and pains in my legs, increasing in severity and occurring both in the daytime and at night, so my rest is thereby disturbed and I am rendered, thereby, more unable to perform work at any gainful occupation."

The application was denied on December 5, 1928, whereupon application was made for a rehearing before the joint board of the order denying his application for a reopening of his claim. The petition to the joint board reads in part as follows:

"II

"That since said claim was closed on March 22, 1927, your petitioner has been unable to perform continually work at any gainful occupation on account of the disabilities arising from the injury for which said claim was filed.

"III

"That at the time said claim was closed, your petitioner thought he could find some means to support himself and has attempted so to do, but he has been wholly unable, after due and diligent effort, by reason

of his injury, to find employment which he could perform; that your petitioner has only been able to earn a very small amount by working intermittently since his claim was closed.

"IV

"That by reason of his injury, your petitioner's physical condition and powers have become such that the labor market is closed to him, he has lost his capacity to work at a gainful occupation, he has lost his capacity to work for wages and to support himself, not by reason of any change in market conditions, but because of the defect that is personal to himself, and which is a direct result of the injury he has sustained.

"V

"That since his claim was closed, your petitioner's condition has become worse and aggravated, medical proof of which he is unable to produce by reason of the fact that he is without means to secure the necessary medical certificates to that effect.

"WHEREFORE, your petitioner prays that a rehearing be granted in order that he may present proof of the facts alleged in this petition, and that following such hearing, his claim be reopened, and he be adjudged a permanent total disability, or for such other relief as may appear meet and equitable."

The department, at the rehearing on May 7, 1929, refused to recede from its position, and from that decision plaintiff appealed to the superior court for Lewis county. The department's motion to dismiss the appeal on the ground that the plaintiff had not made a case was denied.

The trial court found for the plaintiff, reversed the decision of the department and remanded the cause with instructions to classify the plaintiff's injury as a permanent, total disability, and to make the statutory award therefor. From that judgment, the department has appealed.

The only authority for reopening the claim upon the application of the respondent is that granted

by Rem. Comp. Stat., § 7679, subd. (h), reading as follows:

"If aggravation, diminution, or termination of disability takes place or be discovered after the rate of compensation shall have been established or compensation terminated, in any case the department may, upon the application of the beneficiary or upon its own motion, readjust for further application the rate of compensation in accordance with the rules in this section provided for the same, or in a proper case terminate the payment."

There is no evidence to support the application for a reopening of the claim. There was no change in respondent's condition. In fact, the testimony of respondent's physician witnesses was to the effect that the condition of respondent at the time of the departmental rehearing in May, 1929, was substantially the same as when he was examined in December, 1926, by three physicians in Tacoma.

The respondent's failure to obtain work is not proof of aggravation of injury. There is no statutory authority upon such a state of facts as is here presented for reopening the claim. That the respondent was not able, subsequent to the closing of his claim, to earn as much as he thought he should, is not an aggravation of his injury. Where, as here, the action of the department in refusing to reopen the case and to make an increased award for injuries received by a workman is not arbitrary and capricious, that action will not be reviewed by us.

The judgment is reversed and the cause remanded with directions to the superior court to dismiss the proceeding.

MITCHELL, C. J., BEALS, MAIN, and TOLMAN, JJ., concur.