[No. 22913. *En Banc.* July 21, 1931.]

WILLIAM L. JOHNSTON, *Respondent,* v. DEPARTMENT OF LABOR AND INDUSTRIES, *Appellant.*[1]

*The Attorney General* and *Harry Ellsworth Foster, Assistant,* for appellant.

*F. M. O'Leary* and *Powell & Herman,* for respondent.

HOLCOMB, J.—Respondent herein sustained an injury on April 24, 1929, while employed as a common laborer by the city of Spokane in an extrahazardous occupation. He filed a claim for compensation which was allowed, and, after the injury became fixed, the disability was classified as a permanent partial one of ten degrees which, based upon the classification defined in the

statute relating to such cases of the loss of the entire right arm at the shoulder carrying compensation of three thousand dollars, would make the allowance in this case three hundred dollars.

Respondent thereupon appealed to the joint board, and a hearing was held at Spokane at which no member of the board was present, but the testimony was taken by a commissioner designated for that purpose by the department. At that hearing, one physician, who had been previously appointed by the department to make a special examination of respondent, was produced as a witness by the department. This physician had, upon his previous examination, reported a permanent partial disability of the right shoulder-joint amounting to "not over twelve per cent." The fact that the terms "per cent" and "degree" amount to the same thing in this case is but a coincidence. This is due to the fact that the statute fixes the loss of the entire arm at the shoulder as requiring compensation of three thousand dollars, and one per cent of this sum is thirty dollars, which is equal to one degree.

Respondent had been cared for at the time of his injury by two physicians, whose reports indicated serious injury to the right shoulder and arm due to the paralysis of certain muscles. They referred to the injury as a "winged" scapula. At the time of the hearing before the commissioner, one of those physicians was dead, and respondent produced the evidence of two other qualified physicians, both of whom had examined him carefully. They found a much more serious condition than that testified to by the physician designated by the department, and placed the disability at fifty per cent, taking the loss of the entire arm at the shoulder as being one hundred per cent.

After the hearing before the commissioner, the chief medical officer of the department sustained the allow-

ance of ten per cent, or three hundred dollars, which was approved by the joint board and that award was ordered. It is to be observed that no member of the department, or of the joint board, or the chief medical officer of the department, ever saw or examined respondent, personally.

On appeal from the award of the joint board to the superior court for Spokane county, the controversy was heard on the records and files of the department, with the exception that the physician who had been designated by the department to examine respondent was called as its witness, was cross-examined, and was observed by the trial court.

After trial, without a jury, the court below made findings of fact and conclusions of law in favor of respondent, directing the department to pay respondent on a basis of 33⅓ per cent disability to the arm, thus making an additional allowance of seven hundred dollars. Among other things, the trial court found:

"That the classification of plaintiff on a permanent partial disability basis was the proper classification. That the payment of $300.00 as aforesaid to plaintiff on the basis of 10% of the loss of said arm at the shoulder was an arbitrary, illegal and capricious action on the part of the defendant. That said award was not based upon proper findings or medical reports or examinations. That said award was contrary to the schedule of compensation as set forth in the Workmen's Compensation Act."

The trial court, among other things, asserted that the amendments to the workmen's compensation act in 1927, Rem. 1927 Sup., § 7697, and in 1929, Session Laws of 1929, p. 344, § 6, broadened the right of a claimant to include the question of an inadequate award, under a proper classification, on an appeal to the court. The act of 1929, *supra*, merely reenacts the provisions relat-

ing to rehearings and appeals to the superior court as was prescribed in the amendment of 1927, *supra.*

The material parts of the amending law read:

"Within thirty days after the final order of the joint board upon such application for rehearing has been communicated to such applicant, or within thirty days after rehearing is deemed denied as herein provided, such applicant may appeal to the superior court of the county of his residence, but upon such appeal may raise only such issues of law or fact as were properly included in his application for rehearing, or in the complete record in the department. On such appeal the hearing shall be *de novo,* but the appellant shall not be permitted to offer, and the court shall not receive, in support of such appeal, evidence or testimony other than, or in addition to, that offered before the joint board or included in the record filed by the department: *Provided,* That the right of cross-examination shall not be limited by the testimony before the joint board. The proceedings in every such appeal shall be informal and summary, but full opportunity to be heard shall be had before judgment is pronounced.

. . .

"If the court shall determine that the department has acted within its power and has correctly construed the law and found the facts, the decision of the department shall be confirmed; otherwise, it shall be reversed or modified. In case of a modification or reversal the superior court shall refer the same to the department of labor and industries with an order directing it to proceed in accordance with the findings of the court: *Provided,* That any award shall be in accordance with the schedule of compensation set forth in this act.

". . . In all court proceedings under or pursuant to this act the decision of the department shall be *prima facie* correct and the burden of proof shall be upon the party attacking the same."

The former provision, reading "It being the intent that matters resting in the discretion of the department shall not be subject to review," was dropped from the act.

The trial court considered that, under the statutes cited, when such matter is brought before the superior court on appeal, since the statutes provide for hearing *de novo* by the superior court and for affirmance, reversal or modification by it, and further give that court the power to determine whether the department acted within its power, correctly construed the law and found the facts, that it should be affirmed, otherwise to be reversed or modified; that the superior court now has power to determine any question of fact, keeping in view the other provisions of the statute that the decision of the department shall be *prima facie* correct, and the burden of the proof shall be upon the party attacking the same. And when such burden of proof has been sustained by the party attacking the same, by a preponderance of the evidence, the superior court is justified in modifying or reversing the decision.

We are obliged to assent to this view of the trial court.

It is manifest that the amendments of 1927 and 1929, *supra,* could have been passed for no other purpose but to curtail the broad discretionary powers of the department and the joint board, and to add to the powers and duties of the courts in dealing with such matters. See *Babic v. Department of Labor and Industries,* 156 Wash. 537, 287 Pac. 32 (not cited by either party). The full scope and effect of the amendments, *supra,* were given effect in the last cited case. In it, the trial court reviewed the entire record and reversed portions of the order and findings of the department, according to either undisputed or preponderant evidence, which was, with but slight modification, affirmed by us. *Rehberger v. Department of Labor and Industries,* 154 Wash. 659, 283 Pac. 185; *Van Bellinger v. Department of Labor and Industries,* 156 Wash. 70, 285 Pac. 1115, and *Mullen v. Department of Labor and In-*

*dustries,* 157 Wash. 329, 288 Pac. 926, were decided since the amendments, but exact consideration thereof did not seem needful to properly determine the cases.

The amendments, *supra,* have the effect of nullifying most of the decisions cited by appellant rendered under the provisions of former laws relating to the matter. It is clear that the whole purpose of the new law was to afford a complete review by the court having jurisdiction of the parties.

We also agree with the trial court that in the case at bar, while there was a proper classification by the department of the injury as a permanent partial disability of the kind named, the allowance on the basis of ten per cent of the loss of the right arm amounting to $300.00 in money was wholly inadequate. The allowance on the basis of thirty-three and one-third per cent disability to the arm was well within the overwhelming weight of credible evidence as to the extent of the injury.

For the reasons herein stated, the judgment is affirmed.

TOLMAN, C. J., PARKER, MITCHELL, BEALS, MAIN, MILLARD, and BEELER, JJ., concur.

FULLERTON, J., concurs in the result.