[No. 29148. Department Two. April 11, 1944.]

ARTHUR R. COOPER, *Respondent,* v. THE DEPARTMENT OF LABOR AND INDUSTRIES, *Appellant.*[1]

[1]Reported in 147 P. (2d) 522.

 

*The Attorney General* and *Harry L. Parr, Assistant,* for appellant.

*Griffin & Gershon,* for respondent.

MILLARD, J.—Arthur R. Cooper was injured February 26, 1936, while engaged in extrahazardous employment of tongman for the Long Bell Lumber Company. The accident report recites that a falling timber struck the employee injuring left side of head, right leg, and fracturing fourth rib on right side. The department recognized his claim and paid to the workman several months' time loss and closed his claim with a permanent partial disability award. February, 1938, the claim was closed following its reopening and award to the claimant of an additional payment for permanent partial disability.

Cooper's application July 9, 1940, under the provisions of Rem. Rev. Stat., § 7679 [P. C. § 3472] subd. (h), for reopening of the case for the purpose of obtaining an additional award on the ground of aggravation of his disability was considered by the department, and the claimant was examined by a number of doctors, who certified that the claimant's disability had not increased and recommended that his claim remain closed; whereupon, the supervisor entered an order rejecting the claim, from which order the claimant appealed to the joint board of the department. The supervisor's order was sustained by the joint board, from which disposition of his application Cooper appealed to the superior court. Trial to a jury on the record made before the department resulted in verdict in favor of the claimant. From judgment entered on the verdict, the department appealed.

Counsel for appellant invoke the rule that a claim for compensation under Rem. Rev. Stat., § 7679 subd. (h), may not be granted where the claimant fails to sustain the burden of showing that the condition caused by the injury had become aggravated subsequent to the time the rate of

compensation was established and the claim was closed. *Mullen v. Department of Labor & Industries,* 157 Wash. 329, 288 Pac. 926.

Counsel for respondent argue that, as a jury's verdict in a trial on appeal to the superior court from a decision of the joint board shall have the same force and effect as in actions at law (Rem. Rev. Stat. (Sup.), § 7697-2 [P. C. § 3488-21]), the only question presented is whether there is any substantial evidence to support the verdict.

It is clear from the record, which we summarize as follows, that there is neither evidence nor reasonable inference from evidence sufficient to sustain the verdict:

Cooper was injured February 26, 1936, while employed by the Long Bell Lumber Company. He was paid several months' time loss and his claim was closed with a permanent partial disability award. He returned to work for the same employer July 18, 1937, where he was employed as carpenter's helper until December 7, 1937. In February, 1938, Cooper's claim was closed following its reopening and the granting to him of an additional award. Respondent then returned to work in the woods for his former employer where he remained until May, 1938, when he left of his own accord to go into the business of transporting by truck fruits and vegetables from California to Washington.

In August, 1938, he returned to work with the Long Bell Lumber Company, as a chaser in the rigging crew, where he continued to work until May 5, 1939, when again he resigned to engage in commercial fishing, in which business he remained until April 12, 1940, when he returned to work for Long Bell Lumber Company. He was employed until July 11, 1940, as helper on a crane, when logging operations were suspended because of fire hazard. From July 11, 1940, to July 22, 1940, he was employed by Long Bell Lumber Company in shingling houses. Improvement of weather conditions permitted resumption of logging operations and Cooper returned to the woods again as a tongman July 23, 1940. In August, Long Bell Lumber Company again discontinued for a short time logging operations because of

peril of fire. Cooper worked for that company from August 6th to 9th, 1940, shingling houses, and was employed in the woods from August 10, 1940, to September 6, 1940, when he quit of his own accord, giving no reason for his resignation.

That is, following the closing of his claim in February, 1938, respondent returned to work and was employed in different occupations and the same occupation in which he was engaged at the time of his injury. He performed his work satisfactorily for the Long Bell Lumber Company since he was injured, and, at all of the times respondent resigned, he quit of his own accord and did not leave his work for the reason that he was unable to perform the duties of that employment. Cooper was working for a lumber company at the time of the hearing—he has, ever since his claim was closed in 1938, been working. He testified that he worked in the woods "whenever the job was working." That is, if logging operations were not suspended, he would be employed in the woods.

One physician called by appellant testified that he examined respondent at the time of the accident and five years thereafter. He found that respondent executed his back movements normally and was able to bend forward with his knees stiff and touch the floor with his fingers. He stated there was no evidence of any fracture of any part of the bony structure of respondent's back and there was no objective symptom of aggravation, as claimed by respondent, of injury since the claim was closed in 1938.

Another physician, called by appellant, testified that he examined respondent two years after the injury was sustained and again July 28, 1941, when he found that respondent had an unusually supple back; that he could bend down with his knees stiff and touch the floor with his finger tips, and that all of the movements of respondent's back were normal. The physician's opinion concurred in that of the other physician that the condition of respondent had not become aggravated and that he had been adequately com-

pensated for the disability sustained as a result of his injury.

Respondent's testimony corroborates that of the physicians called by appellant. Respondent's complaints regarding his back are the same as he made in 1938, but there is nothing objective to show for them. He admitted "I can stoop over but it is the coming up part" which pains him. Respondent's wife testified that "he is worse now than he has ever been, you know, about his back and things," but that testimony or opinion of the lay witness is entitled to no greater consideration than we give to the testimony of respondent that his condition was "worse" than when the claim was closed.

The only medical testimony—it was admitted over objection of counsel for appellant—offered on behalf of respondent was that of a physician who only saw respondent once and that was March 29, 1942, when he examined respondent. That physician, solely on the basis of the statements of respondent respecting the pains he was undergoing, and that he was "worse than he was when the claim was closed" in 1938, gave as his opinion that respondent's condition since the claim was closed had become aggravated.

There is no evidence of even one objective symptom on which to base an opinion that, since respondent's claim was closed, his physical condition had become aggravated due to the injury for which he had already been compensated. Respondent's physician based his opinion as an expert upon subjective symptoms found, they being the things told him March 29, 1942, by respondent while being examined by the physician for the purpose of testifying as an expert witness. The examination was not for the purpose of treatment. Such things are none the less hearsay when they come from a physician than if from a layman. A physician may not base an opinion as to causation of a physical condition on subjective symptoms and self-serving statements.

The testimony of respondent that he was worse and that he was suffering pains is not sufficient of itself to sus-

tain his claim that his condition had become aggravated since his claim was closed. *Stevich v. Department of Labor & Industries,* 182 Wash. 401, 47 P. (2d) 32.

The judgment is reversed, with direction to the trial court to dismiss the action.

SIMPSON, C. J., ROBINSON, and MALLERY, JJ., concur.

BLAKE, J. (dissenting)—I dissent. I think the evidence was sufficient to take the case to the jury on the question of aggravation. However, a new trial should be granted because of prejudicial misconduct of respondent's counsel in his argument to the jury.

