[No. 33637.   Department One.   January 21, 1957.]

MAX BORENSTEIN, *Appellant*, v. THE DEPARTMENT OF LABOR AND INDUSTRIES, *Respondent.*[1]

*Smith Troy* and *Philip W. Richardson* (*Francis J. Walker*, of counsel), for appellant.

*The Attorney General* and *Bernard A. Johnson, Assistant,* for respondent.

FINLEY, J.—Max Borenstein's claim for industrial insurance benefits was rejected by the department of labor and industries. On appeal to the board of industrial insurance appeals, the department's order was sustained. The workman then appealed to the superior court, where the jury

[1]Reported in 306 P. (2d) 228.

returned a verdict sustaining the workman's claim. The trial judge entered judgment on the verdict reversing the decision of the board of industrial insurance appeals, and remanded the cause with directions to allow the workman's claim. The judgment provided that

". . . the plaintiff shall have and recover from the defendant as and for attorneys fees for services in this court, the sum of $450.00, if and when the accident fund is affected by the litigation, together with costs to be taxed by the Clerk of this court."

The trial judge refused to fix an attorney's fee, to be paid by the department, for the services rendered by the workman's attorney before the board. The workman has appealed. The questions he raises relate solely to the matter of attorney's fees, and no cross-appeal has been taken by the department.

Appellant points out that the attorney's fee of $450, provided for in the judgment, is a conditional one; *i.e.*, it is to be paid "if and when the accident fund is affected by the litigation," and he contends that the trial court erred in so conditioning the payment of the fee. In support of this contention, appellant cites *O'Brien v. Industrial Ins. Department*, 100 Wash. 674, 171 Pac. 1018. In that case, the board was reversed on an appeal to the superior court. In addition to an allowance of attorney's fees for services rendered in the superior court, the trial judge made an allowance of one hundred dollars, payable out of the administrative fund, for services to be performed in the supreme court in the event an appeal should be taken and the judgment of the trial court affirmed. On appeal, this court stated:

"On the second question, we are of the opinion that the court erred in allowing the conditional attorney's fee. The right of a litigant to recover his attorney's fees from the opposing party is a statutory right. It did not exist at the common law. The statute cited as bearing upon the question, Rem. Code, § 6604-20, relates to appeals from the orders of the industrial insurance commission to the superior court. No statute authorizes the allowance of attorney's fees on an appeal *from the superior court to the su-*

*preme court.* There being no statute granting the right, it is beyond the power of either the superior court or this court to make an allowance of attorney's fees for such an appeal." (Italics ours.)

The crucial question in the *O'Brien* case was not whether the fee was a conditional one, but whether it could be allowed for services rendered in the supreme court. In the instant case, we are not concerned with an allowance of an attorney's fee in the *supreme court*, and the *O'Brien* case is not in point.

RCW 51.52.130 reads, in part, as follows:

"If the decision and order of the board is reversed or modified and *if the accident fund is affected by the litigation then the attorney's fee fixed by the court for services before the court only,* . . . *shall be payable out of the administrative fund of the department.*" (Italics ours.)

▇ The condition prescribed by the trial court in the judgment relative to payment of the $450 attorney's fee is specifically prescribed by the above statutory provision. There is no merit in this particular contention of the appellant, which questions the fee as allowed by the trial court.

▇ The appellant has also assigned error to the trial court's refusal to fix an attorney's fee, to be paid by the department, for the services of appellant's attorneys before the board. RCW 51.52,130 provides for the payment of the attorney's fee out of the administrative fund " for services *before the court only,*" (italics ours) where the board is in error and the accident fund is affected. That is not to say that the attorney's fee may not be charged against an injured workman, personally, for services rendered before the department or board where some relief is secured for the workman as a result of the attorney's services. See RCW 51.52.120. The legislature, however, has made no provision for the recovery of attorney's fees from or *payable by the department for services rendered before the board. Harbor Plywood Corp. v. Department of Labor & Industries,* 48 Wn. (2d) 553, 295 P. (2d) 310.

If such fees are to be paid by the department, it is a matter of policy to be determined and directed by the legislature

through the enactment of a statute clearly providing for the payment of such fees by the department of labor and industries. The trial court was correct in denying such fees.

Since we find no merit in appellant's contentions, the judgment should be affirmed. It is so ordered.

HILL, C. J., DONWORTH, SCHWELLENBACH, and ROSELLINI, JJ., concur.