[No. 36254.   Department Two.   December 20, 1962.]

PHYLLIS SMITH et al., *Appellants*, v. ERNST HARDWARE COMPANY, *Respondent*.\*

\*Reported in 377 P. (2d) 258.

*Roy E. Jackson* and *Daniel G. Goodwin,* for appellants.

*Lycette, Diamond & Sylvester, Martin L. Wolf,* and *Ralph M. Bremer,* for respondent.

OTT, J.—Phyllis Smith was injured July 14, 1959, while making a purchase in the Ernst Hardware Company store at Northgate in Seattle, when a box containing a light fixture fell and struck her head.

The community of Phyllis Smith and Robert L. Smith, Jr., her husband, commenced this action against the Ernst Hardware Company to recover for her damages. Phyllis Smith will be referred to hereinafter as though she were the sole plaintiff.

At the trial, the defendant admitted liability; therefore, the only issue submitted to the jury was the amount of the damages. The jury returned a verdict for the plaintiff in the sum of $15,000. Thereafter, the court granted a new trial for the following reasons:

" . . . the court erred in failing to remove from the jury's consideration any claim by plaintiff as to the alleged sinus condition as related to this accident, and further, that the court erred in not submitting defendant's additional Instruction 'A' to the jury withdrawing the sinus condition from the jury's consideration. Because of this, the verdict was excessive and substantial justice was not done to the defendant by failing to submit their requested Instruction 'A'.

"The court has further considered the affidavit filed herein relative to one of the jurors, Leo Sundgren, and finds that the said affidavit, granted it be true, would not be sufficient grounds alone for granting a new trial to the defendant."

The trial court, believing that the erroneous evidence caused the jury to increase its verdict by $5,000, granted the new trial unless the plaintiff would accept a judgment in the sum of $10,000. The plaintiff did not accept the reduction. The court thereupon granted a new trial for the reasons above indicated. The plaintiff has appealed.

Did the court err in permitting the jury to consider, as an element in its award for damages, whether appellant's sinus condition was proximately caused or aggravated by the accident?

Appellant's medical testimony in this regard was that of Dr. Carl E. Maas, who testified that, when appellant related to him the history of her sinus condition, she stated that it did not exist before the accident; that, 6 months thereafter, she went to the hospital for treatment of her injuries and caught cold while in the hospital, and that, "In this indirect manner only," the sinus condition was a result of the accident. The doctor's deposition was as follows:

"I must qualify my opinion somewhat. When this patient came to me, she had a new condition that as I found in looking at my records as long that as I have on her, she has never had before. That of definite right frontal headache pain and profuse purulent drainage from the right frontal, and swelling around her right eye and pressure on the right eye. This was new and different from what I have treated on her a multitude of times previously. As to the relationship to her accident, I can only base it on this fact that it was new, plus the fact that the patient related to me that while she was in the hospital and receiving the aforementioned hot packs and that she felt to a certain extent she was left exposed a few times, underwent a chill and sustained a severe cold, and it was following this that she feels that this right frontal sinus condition developed, because the symptoms began at that time following this chill and exposure. In this indirect manner only can I blame her sinusitis onto the accident."

Appellant's testimony in this respect was as follows:

"Q. All right. Now when you came out of the hospital, you say, on January 18 of 1960, what was your condition at that time? How did you feel? Had you improved? Had the hospital treatment helped you? A. Well, it is hard to say at the beginning. I was very ill when I came out of that Providence Hospital. Several days before I left this extreme pain came in my forehead up here and when I came out of that hospital or while I was in the hospital I knew what had happened to me. It was the wool and the nurses tried to help me. They had nothing in the hospital but wool blankets and, like I say when I came out of the hospital I

was very ill, and besides this trouble I had, my nerves were just absolutely shot. So, I couldn't do anything. My mother had to stay and help me. . . .

"Q. And then what did Doctor— What did you tell Doctor Maas was your trouble when you went to him? A. Well, I told him that I had been wrapped in these, in this wool in the hospital and I told him I was just a mess and had to be helped out. So after he got me feeling—well, again he had me take the—what do they call it?—allergy extract where you take the shots. I was so afraid it could happen to me again if I was put in the hospital."

Appellant asserts that a causal relationship between the accident and her sinus condition was established by *her* testimony. We agree with the trial court that appellant's testimony did not establish that she contracted a cold while in the hospital.

Appellant asserts that, assuming that her testimony did not establish a causal relationship between the accident and the sinus condition, causal relationship was established by the doctor's answer to a hypothetical question, in which he related that the appellant had told him she contracted a cold in the hospital. Appellant's contention is that there was no objection to the doctor's answer to the hypothetical question; that hearsay evidence admitted without objection has probative value, and, further, that, if a proper objection had been made to the evidence, it was nevertheless admissible as an exception to the hearsay rule.

Relative to these contentions, the record discloses that the respondent properly objected at the time the doctor's deposition was taken, and again at the time the deposition was read to the jury, and, finally, offered an instruction (which the trial court refused to give) withdrawing from the jury the issue of damages for appellant's sinus condition. The record discloses that an objection was made to the admissibility of the evidence, and that the objection was overruled.

The only evidence that the appellant caught cold while in the hospital was the doctor's statement, in his answer to the question, that she told him so. We are not here concerned with the existence of the appellant's sinus

condition, but, rather, with the question of what caused it. It is the rule in this state that a doctor who treats a patient and later becomes a witness may, in relating his medical conclusion, testify relative to statements made to him by his patient, as an exception to the hearsay rule. *Hinds v. Johnson,* 55 Wn. (2d) 325, 347 P. (2d) 828 (1959); *Petersen v. Department of Labor & Industries,* 36 Wn. (2d) 266, 217 P. (2d) 607 (1950); 51 A. L. R. (2d) 1051. A physician may relate these statements regarding symptoms for the limited purpose of supporting his medical conclusion. The statements made by the patient to the doctor, which constitute the basis of his expert opinion, are not evidence which establishes the fact of the patient's condition. *Kraettli v. North Coast Transp. Co.,* 166 Wash. 186, 6 P. (2d) 609, 80 A. L. R. 1520 (1932); *Poropat v. Olympic Peninsula Motor Coach Co.,* 163 Wash. 78, 299 Pac. 979 (1931); *Estes v. Babcock,* 119 Wash. 270, 205 Pac. 12 (1922).

■ Causal relationship cannot be established by the doctor's hearsay testimony. In *Parr v. Department of Labor & Industries,* 46 Wn. (2d) 144, 278 P. (2d) 666 (1955), we held that, where a physician testifies to the causal relationship and his knowledge stems solely from the patient's recitation of his history, "the value of his opinion as to causal relationship obviously depends upon the extent and accuracy of the information upon which that opinion is based." We there concluded [p. 151]:

" . . . The source of the doctor's information on the issue of whether the condition which he found to exist naturally or proximately arose from the claimant's employment, must in practically every case come from the claimant or others. Whether its source is a hypothetical question in a trial or a recital by a claimant or employer, the important question is whether the information upon which the doctor's opinion as to causal relationship is based is complete and accurate. A claimant does not prove such causal relationship by the testimony of a doctor whose information is shown by the claimant's own testimony to be neither complete nor accurate."

See, also, *Cooper v. Department of Labor & Industries* 20 Wn. (2d) 429, 147 P. (2d) 522 (1944).

Applying these rules relative to the probative value of a doctor's hearsay testimony, we hold that Dr. Maas' testimony was admissible for the limited purpose of establishing the basis upon which the doctor premised his opinion. The doctor's hearsay evidence had no probative value to establish the fact of the cold, upon which he predicated his conclusion relative to the causal relationship between the accident and the sinus condition. Since the causal relationship between the accident and the sinus condition was not otherwise established, the trial court properly granted a new trial for the reason stated in its order.

■ Appellant contends that her testimony, together with the medical evidence, established that she suffered injuries, as a direct result of the accident, which justified the amount of the verdict, irrespective of the sinus condition, and that the verdict should therefore be sustained. It would be sheer conjecture for this court to attempt to determine what value the jury placed upon the sinus condition or to conclude that the jury placed no value upon it at all. A new trial is, therefore, necessary.

■ An additional ground for a new trial supported by an affidavit declaring that one of the jurors had given false answers on his voir dire examination and was mentally incompetent to serve as a juror, was urged by respondent before the trial court. After considering this ground, the court held, in its order, that it "would not be sufficient grounds alone for granting a new trial to the defendant." How much weight the trial court placed upon this ground, we are unable to determine, but we agree that it was meritorious and properly considered in the over-all determination of whether a new trial was warranted.

The order granting a new trial is affirmed. Respondent will recover costs on this appeal.

FINLEY, C. J., DONWORTH, HUNTER, and HAMILTON, JJ., concur.

February 11, 1963. Petition for rehearing denied.