[No. 38080.   Department Two.   June 30, 1966.]

JIMMY LYLE FLOYD, *Appellant,* v. THE DEPARTMENT OF LABOR AND INDUSTRIES, *Respondent.**

*Stubbs, Batali, Combs & Small,* by *Hollis B. Small,* for appellant.

*The Attorney General, John J. Quine* and *William J. Van Natter, Assistants,* for respondent.

REVELLE, J.†—Claimant appeals from an order granting summary judgment and a judgment of dismissal which sustained the findings and decision of the Board of Industrial Insurance Appeals. The board concluded that claimant's

*Reported in 416 P.2d 355.

†Judge Revelle is serving as a judge pro tempore of the Supreme Court pursuant to Art. 4, § 2(a) (amendment 38), state constitution.

condition was not the result of the injury because there is no medical testimony in the record sufficient to sustain the contention of causal relationship.

■ Respondent first moves to dismiss the appeal because claimant has failed to serve and file a certified statement of facts of the proceedings in the trial court. In support of the motion, respondent cites three cases[1] for the proposition that, in the absence of a statement of facts revealing the basis of the trial court decision in any rulings of admissible or probative value of evidence before the trial court, the Supreme Court will not review the action of the trial court in granting a motion to dismiss. In all of these cases, however, the cause was tried to a jury and the motion to dismiss came either at the end of the case or after the close of claimant's case, each before submission to the jury. Since the issue here reaches us from a summary judgment under Rule of Pleading, Practice and Procedure 56, RCW vol. 0, a statement of facts is not necessary.[2] Claimant here selected the alternative method of a transcript certified by the clerk. We have all the documents[3]

---

[1]*Guffey v. Department of Labor & Indus.*, 38 Wn.2d 236, 229 P.2d 321 (1951); *Collins v. Department of Labor & Indus.*, 42 Wn.2d 903, 259 P.2d 643 (1953); and *Nylander v. Department of Labor & Indus.*, 47 Wn.2d 543, 288 P.2d 470 (1955).

[2]In *American Universal Ins. Co. v. Ranson*, 59 Wn.2d 811, 815, 370 P.2d 867 (1962), we said:

"In an appellate review of a summary judgment entered pursuant to Rule of Pleading, Practice and Procedure 56, RCW Vol. 0, this court can review only those matters that have been presented to the trial court for its consideration before entry of the summary judgment. The matters considered may be certified to this court by either of two methods, or a combination of them. First, they may be incorporated in a statement of facts certified by the trial court; second, they may be identified with particularity in the summary judgment signed by the trial court and then furnished to this court by transcript certified by the clerk of court. The reason is obvious: it would be unfair to consider, on appellate review, matters not presented to the trial court for its consideration. We must have before us the precise record— no more and no less—considered by the trial court. The court may consider, of course, those matters which it may notice judicially."

[3]Pleadings, transcript of testimony and exhibits submitted before the Board of Industrial Insurance Appeals, motions for and order granting summary judgment and order of dismissal of trial court.

referred to by the trial court in the order granting summary judgment except one affidavit. It was filed in support of a separately brought summary judgment motion filed by claimant. Respondent argues that this deficiency, too, supports its motion to dismiss.

Respondent's remedy for such a deficiency lies not in a motion to dismiss but in proper steps to have the transcript on appeal record corrected as prescribed in Rule on Appeal 44, RCW vol. 0.

Respondent's motion to dismiss the appeal is denied.[4]

*Issue on appeal:* Whether the facts and the reasonable inferences therefrom, considered in the light most favorable to the claimant, present a prima facie case to go to the jury that the industrial injury was the cause of the disability.

Such cause must be established by competent testimony of a medical expert. *Stampas v. Department of Labor & Indus.*, 38 Wn.2d 48, 227 P.2d 739 (1951).

The only admissible description of the injury cause came from claimant who testified at the hearing that he was lifting ¾-inch, 20-foot long, 120-pound reinforcement steel rods, standing them up and lifting them up about a foot, standing them over behind some other rods, "another guy tied them off while I was holding them up," when he noticed a sharp pain, couldn't breathe, dizziness, pain in upper part of his back and between his shoulder blades.

That same day, claimant was hospitalized with a suspected heart attack, was released the next day and immediately returned home where he saw another physician 2 weeks later. He received no treatment here and returned 4 months later to his home in Oklahoma.

---

[4]Additional authorities are *Reid v. Department of Labor & Indus.*, 194 Wash. 108, 77 P.2d 589 (1938), and *Boeing Aircraft Co. v. Department of Labor & Indus.*, 22 Wn.2d 423, 156 P.2d 640 (1945) (departmental record brought by transcript and no showing trial court had any more before it than did appellate court). The United States courts, whence comes Rule of Pleading, Practice and Procedure 56, RCW vol. 0, are in accord: *Foley Lumber Indus., Inc. v. Buckeye Cellulose Corp.*, 286 F.2d 697, *cert. denied* 366 U.S. 966, 6 L. Ed. 2d 1257, 81 Sup. Ct. 1922 (1961).

Seven and one-half months after the injury, he consulted a physician in Oklahoma who testified by deposition at the hearing that claimant told him as part of the history:

He complained of pain in his back and said that he was injured in an accident on September 30, 1960 in Goldendale, Washington, when he was lifting some steel rods, that he was holding up a 16 foot rod and *became over balanced and strained his back*. He was treated at the Klickitat Valley Hospital. He had severe pain in his shoulders, chest and also involving his *low back*. (Italics ours.)

After examination the diagnosis was "very severe injury to the muscles and ligaments and soft tissue of the back including the lower dorsal and lumbar spine."

We conclude that the cause was not established by competent testimony of a medical expert for these reasons:

1. The information upon which the physician based his opinion of cause was shown by the testimony of claimant to be neither complete nor accurate.[5] The record shows they each were speaking of significantly different events and conditions:

| Claimant testimony | Item | Physicians Information |
|---|---|---|
| a. 20 feet long, ¾ inch size; 120 pound weight | rods | 16 feet steel |
| b. lifting and standing rods for a period of 30 minutes; felt sharp pain | action | holding up a single rod, became overbalanced and strained his back |
| c. shortness of breath; dizziness; sharp pain in upper part of back and between shoulder blades; suspected heart attack requiring hospitalization one night and visit to physician 2 weeks later without any treatment and visit to physician 7 months later. | injury | severe pain in his shoulder, chest and also involving his low back to 3 inches above his waistline; treated at Klickitat Hospital. |

[5] *Parr v. Department of Labor & Indus.*, 46 Wn.2d 144, 278 P.2d 666 (1955).

Other items follow the same pattern of difference. At no place does the record show any medical testimony based on the facts of the industrial accident proven by the testimony of claimant.

2. Nor can we accept claimant's contention that the version testified to by the physician from the history given him by claimant should be used as the description of the accident. It is true that a doctor who treats a patient and later becomes a witness may, in relating his medical conclusion, testify relative to statements made to him by his patient as an exception to the hearsay rule. Such statements are not evidence which establishes the fact of the patient's condition.[6] There is no explanation for the failure of claimant to acquaint his medical witness with the state of affairs described in the sworn direct testimony of claimant.

There being no medical testimony that the injury was the cause of the disability, the judgment is affirmed.

ROSELLINI, C. J., DONWORTH, WEAVER, and HAMILTON, JJ., concur.

---

[6]*Smith v. Ernst Hardware Co.,* 61 Wn.2d 75, 377 P.2d 258 (1962).