[Nos. 6341-1-III; 6379-8-III.   Division Three.   May 21, 1985.]

JESUS ROSALES, *Respondent*, v. THE DEPARTMENT OF LABOR AND INDUSTRIES, *Appellant.*

*Kenneth O. Eikenberry, Attorney General,* and *Linda Dunn McQuaid, Assistant,* for appellant.

*Charles H. Barr,* for respondent.

MUNSON, J.—The Department of Labor and Industries appeals a summary judgment reversing a decision and order of the Board of Industrial Insurance Appeals. The Superior Court determined Jesus Rosales was denied due process because the Board substituted hearing examiners (now industrial appeals judges, Laws of 1982, ch. 109) which resulted in each hearing examiner hearing some of the witnesses. The court awarded attorney fees for services before the Board and the Superior Court. We reverse.

The Department entered an order closing Jesus Rosales' industrial injury claim; Mr. Rosales appealed, claiming a greater disability. The notice assigning Hearing Examiner Lucy M. Werner to preside at all conferences and hearings stated another examiner might be substituted by the Board.

Mr. Rosales presented his case in chief and the Department presented its medical testimony before Hearing Examiner Werner. Shortly thereafter, Stephanie F. Farwell was substituted as hearing examiner. Mr. Rosales objected claiming he was entitled to have his case heard by a single trier of fact. Apparently Hearing Examiner Werner had been transferred, thus the substitution.

After hearing the remainder of the Department's evidence and Mr. Rosales' rebuttal testimony, Hearing Examiner Farwell entered a proposed decision and order pursuant to RCW 51.52.104. The proposed decision concluded Mr. Rosales was not totally and permanently dis-

abled and the Department's previous determination of a 30 percent permanent partial disability should be sustained.

Mr. Rosales filed a petition for review with the Board. The Board granted the petition and later issued a final decision and order sustaining the Department's previous determination. In so doing, the Board rejected Mr. Rosales' claim he had been denied due process because of the substitution in hearing examiners.

Mr. Rosales sought judicial review of the Board's decision. The court granted Mr. Rosales' motion for summary judgment, concluding the substitution of hearing examiners constituted a denial of due process. The case was remanded to the Board for a hearing de novo or for further remand to the Department at the Board's discretion. The Department appeals.

Subsequently, the Superior Court awarded Mr. Rosales attorney fees and expenses pursuant to RCW 51.52.130. The Department filed a second notice of appeal challenging this award; the two appeals were consolidated.

The Department contends the substitution of hearing examiners during an administrative hearing is not a denial of due process. We agree. RCW 51.52.020 states, in part:

> The board may make rules and regulations concerning its functions and procedure, which shall have the force and effect of law until altered, repealed, or set aside by the board . . .

WAC 263–12–045(3) specifically provides for the substitution of hearing examiners at any time during an appeal.[1]

■ The numerous authorities cited by Mr. Rosales support the proposition a trial judge may not be replaced by a successor before a decision has been entered. However, there is a fundamental difference between a judge and a hearing examiner: a judge renders a final judgment; a hearing examiner does not. The Board alone has the "duties of

---

[1]Prior to the adoption of 5 U.S.C. § 554(d), the federal practice had been to use one hearing examiner to conduct hearings and another to write the proposed report. 3 K. Davis, *Administrative Law* § 17:17, at 337 (1980).

interpreting the testimony and making the final decision and order on appeal cases." RCW 51.52.020. As stated in *Stratton v. Department of Labor & Indus.,* 1 Wn. App. 77, 79, 459 P.2d 651 (1969):

> A hearing examiner is merely an employee of the Board. Pursuant to RCW 51.52.104, his proposed decisions and orders are not the decisions and orders of the Board. They do not acquire that dignity until the Board formally adopts them.

The Board has the power to substitute its judgment for that of the examiner on all issues, including credibility of witnesses observed by the examiner and not by the Board. *Farm Supply Distribs., Inc. v. State Utils. & Transp. Comm'n,* 8 Wn. App. 448, 452, 506 P.2d 1306 (1973), *rev'd on other grounds,* 83 Wn.2d 446, 518 P.2d 1237 (1974).

Mr. Rosales' claim that the loss of demeanor evidence constituted a denial of due process is contrary to the bulk of judicial authority. *Consolidated Edison Co. v. NLRB,* 305 U.S. 197, 226–29, 83 L. Ed. 126, 59 S. Ct. 206 (1938); *NLRB v. Mackay Radio & Tel. Co.,* 304 U.S. 333, 350–51, 82 L. Ed. 1381, 58 S. Ct. 904 (1938); *Bowing v. Board of Trustees,* 85 Wn.2d 300, 308, 534 P.2d 1365 (1975); *Valley View Convalescent Home v. Department of Social & Health Servs.,* 24 Wn. App. 192, 201, 599 P.2d 1313 (1979), *review denied,* 93 Wn.2d 1004 (1980); *Messer v. Snohomish Cy. Bd. of Adj.,* 19 Wn. App. 780, 792–93, 578 P.2d 50 (1978); *Farm Supply Distribs., Inc. v. State Utils. & Transp. Comm'n, supra* at 452.[2] Demeanor evidence has little significance in determining the extent of a disability, since an increase in an award for permanent, partial disability must be established by medical evidence. *Floyd v.*

---

[2]*See also Morgan v. United States,* 298 U.S. 468, 478–81, 80 L. Ed. 1288, 56 S. Ct. 906 (1936); *Towers v. Commissioner,* 247 F.2d 233, 234 (2d Cir. 1957), *cert. denied,* 355 U.S. 914, 2 L. Ed. 2d 274, 78 S. Ct. 343 (1958); *Gamble–Skogmo, Inc. v. FTC,* 211 F.2d 106, 113–14 (8th Cir. 1954); *Amoroso v. Commissioner,* 193 F.2d 583, 586 (1st Cir.), *cert. denied,* 343 U.S. 926, 96 L. Ed. 1337, 72 S. Ct. 759 (1952); *NLRB v. Dixie Shirt Co.,* 176 F.2d 969, 971 (4th Cir. 1949); Note, *Replacing Finders of Fact—Judge, Juror, Administrative Hearing Officer,* 68 Colum. L. Rev. 1317, 1358–61 (1968).

*Department of Labor & Indus.,* 68 Wn.2d 938, 940, 416 P.2d 355 (1966); *Page v. Department of Labor & Indus.,* 52 Wn.2d 706, 709, 328 P.2d 663 (1958); *Allen v. Department of Labor & Indus.,* 30 Wn. App. 693, 699, 638 P.2d 104 (1981); *Nash v. Department of Labor & Indus.,* 1 Wn. App. 705, 707–08, 462 P.2d 988 (1969). *See also Price v. Department of Labor & Indus.,* 101 Wn.2d 520, 682 P.2d 307 (1984).

Mr. Rosales does not claim the Board improperly considered the record in entering its final decision and order. Due process does not require preservation and consideration of demeanor evidence. Since the decisions and orders of a hearing examiner possess no finality until adopted by the Board, the substitution of hearing examiners did not constitute error.

The Department next contends the court erred in awarding fees associated with the hearing before the Board. We agree. The Legislature has provided for the recovery of attorney fees from the Department for services rendered before the courts, but not before the Board. *Borenstein v. Department of Labor & Indus.,* 49 Wn.2d 674, 676, 306 P.2d 228 (1957); *Harbor Plywood Corp. v. Department of Labor & Indus.,* 48 Wn.2d 553, 559–60, 295 P.2d 310 (1956); RCW 51.52.130. Therefore, the Superior Court improperly awarded such fees.

Since Mr. Rosales has not prevailed, his request for attorney fees on this appeal is denied.

The summary judgment is reversed; the case is remanded to the Superior Court for further proceedings on judicial review.

McINTURFF, A.C.J., and THOMPSON, J., concur.