[No. 21526-1-III.   Division Three.   March 30, 2004.]

TRICIA A. PIPER, *Respondent*, v. THE DEPARTMENT OF LABOR AND INDUSTRIES, *Appellant*.

*Christine O. Gregoire, Attorney General,* and *John R. Wasberg, Assistant,* for appellant.

*David A. Kohles* (of *David A. Kohles, Inc., P.S.*) and *William C. Smart* (of *Keller Rohrback, L.L.P.*), for respondent.

BROWN, C.J. — This is an attorney fee dispute arising after a jury found the Board of Industrial Insurance Appeals (Board) had erred in determining that Tricia Piper's lung illness was not an occupational disease. The trial court awarded Ms. Piper attorney fees for services rendered both before the Board and the trial court. The Department of Labor & Industries (Department) appealed the fee award as it relates to Board work, contending the award violates RCW 51.52.130 and Supreme Court precedent. Ms. Piper cross-appealed the trial court's hourly rate decision and its denial of certain travel expenses. We agree with the Department, and reverse in part. We disagree with Ms. Piper and affirm in part.

## FACTS

Ms. Piper's alleged exposure to toxic chemicals at a dry cleaning establishment caused an industrial injury; however, the Department denied her claim for industrial insur-

ance benefits. Ms. Piper aggressively and successfully litigated her claim before an Industrial Insurance Appeals Judge (IAJ). The Board reversed the IAJ in a split decision. The superior court jury reversed the Board, and the trial court remanded the matter to the Department with directions to award benefits that are not at issue here.

The trial court retained jurisdiction to determine attorney fees and costs. Ms. Piper's counsel submitted a detailed claim for the services of multiple attorneys and paralegals, and for costs. Her two principal Seattle-based attorneys billed at $300 to $350 per hour. Most of counsels' work was done before the Department and Board. Ms. Piper then moved for a total fee award of $215,085.75, based on a "lodestar" of $143,390.50 with a multiplier of 1.5.

In opposition, the Department filed affidavits of several Spokane-based attorneys with extensive worker's compensation experience. They generally charged lower fees.

On August 22, 2002, the trial court entered findings of fact and conclusions of law generally favorable to Ms. Piper. The trial court accepted nearly all of counsel's claimed work hours but it disallowed travel time related to the superior court trial. "A reasonable hourly rate of $200.00 is awarded with a multiplier of 1.5 for all attorney time." Clerk's Papers (CP) at 143 (finding of fact kk).

After noting the remedial purpose underlying Title 51 RCW, the trial court concluded, "[t]he attorneys' fee award should be sufficient so that the benefits to which Tricia Piper is entitled are not unfairly reduced by the cost of litigation." CP at 144 (conclusion of law 6). The trial court awarded a base amount of $73,951 in attorney fees increased by a 1.5 lodestar multiplier to $110,926.50. The court awarded $11,148.14 in costs and $5,301.00 in paralegal fees (without a multiplier), then entered a consistent judgment.

The Department unsuccessfully sought reconsideration and then appealed. Ms. Piper cross-appealed.

## ANALYSIS

### RCW 51.52.130

■ The issue is whether RCW 51.52.130 authorizes the trial court to award the prevailing worker attorney fees incurred before the Board in addition to attorney fees before the superior court. In short, it does not. *Borenstein v. Dep't of Labor & Indus.*, 49 Wn.2d 674, 306 P.2d 228 (1957); *Rosales v. Dep't of Labor & Indus.*, 40 Wn. App. 712, 700 P.2d 748 (1985).

The statute partly states:

> If in a worker or beneficiary appeal the decision and order of the board is reversed or modified and if the accident fund or medical aid fund is affected by the litigation, or if in an appeal by the department or employer the worker or beneficiary's right to relief is sustained, or in an appeal by a worker involving a state fund employer with twenty-five employees or less, in which the department does not appear and defend, and the board order in favor of the employer is sustained, *the attorney's fee fixed by the court, for services before the court only,* and the fees of medical and other witnesses and the costs *shall be payable out of the administrative fund of the department.*

RCW 51.52.130 (emphasis added).

The statute contains "no provision for the recovery of attorney's fees from or payable by the department for services rendered before the board." *Borenstein*, 49 Wn.2d at 676 (citing *Harbor Plywood Corp. v. Dep't of Labor & Indus.*, 48 Wn.2d 553, 559-60, 295 P.2d 310 (1956)); *accord Rosales*, 40 Wn. App. at 716. "If such fees are to be paid by the department, it is a matter of policy to be determined and directed by the legislature through the enactment of a statute clearly providing for the payment of such fees by the department of labor and industries." *Borenstein*, 49 Wn.2d at 676-77. It is error for a superior court to award such fees. *Rosales*, 40 Wn. App. at 716. *Borenstein* and *Rosales* are directly on point and control here.

Ms. Piper incorrectly contends RCW 51.52.130 is ambiguous and thus in need of a liberal construction in her favor. The clear holdings of *Borenstein* and *Rosales* render her argument untenable. In any event, the statute is unambiguous. The fees and attorney charges for representing a worker may be "fixed" by the trial court for purposes of resolving potential disputes over the appropriate fee. RCW 51.52.130. But such fees are "payable" by the Department only when the worker prevails in superior court, and even then such fees are paid solely "for services before the court." RCW 51.52.130; *Borenstein*, 49 Wn.2d at 676; *Rosales*, 40 Wn. App. at 716.

■ Ms. Piper incorrectly insists the following sentence in a subsequent Supreme Court opinion overrules *Borenstein*: "The court may even award fees for the attorney services before the Department and the Board if the court determines that the fee fixed by the director or the Board for these services was inadequate." *Brand v. Dep't of Labor & Indus.*, 139 Wn.2d 659, 670 n.5, 989 P.2d 1111 (1999) (citing RCW 51.52.130). A proper reading of *Brand* shows the quoted footnote is a fleeting and unbinding dictum. *See, e.g., ETCO, Inc. v. Dep't of Labor & Indus.*, 66 Wn. App. 302, 307, 831 P.2d 1133 (1992) (noting an appellate court is not bound by dicta).

■ Resolving an issue having no bearing on *Borenstein*, the *Brand* court held that a trial court may not reduce a prevailing worker's attorney fee award where the worker is partially successful in an appeal before the superior court or appellate court. *See Brand*, 139 Wn.2d at 670-72. That is not the issue in this case. *Borenstein* is controlling and binds us until the Supreme Court decides otherwise. *See State v. Gore*, 101 Wn.2d 481, 487, 681 P.2d 227 (1984).

Ms. Piper offers alternative theories to affirm the trial court's award for fees for work before the Board. Generally, an appellate court may affirm a trial court on any theory supported by the pleadings and the record even if the trial court did not consider that theory. *LaMon v. Butler*, 112 Wn.2d 193, 200-01, 770 P.2d 1027 (1989).

■ First, Ms. Piper insists public policy supports the fee award. She cites no controlling authority supporting her proposition that policy concerns justify a lower court overruling Supreme Court precedent. *See Gore*, 101 Wn.2d at 487. Policy considerations are best left to the legislature. *See Borenstein*, 49 Wn.2d at 676-77.

■■ Second, Ms. Piper suggests CR 11 sanctions. But, she did not move for CR 11 sanctions below. And, CR 11 sanctions are appropriate where a party or attorney files frivolous pleadings. *Manteufel v. Safeco Ins. Co. of Am.*, 117 Wn. App. 168, 175-76, 68 P.3d 1093, *review denied*, 150 Wn.2d 1021 (2003). The Department's pleadings are not frivolous and, objectively, the Department's opposition to Ms. Piper's claim was based upon conflicting evidence on the cause of her condition. Hindsight is not an appropriate standard for applying CR 11. *See In re Cooke*, 93 Wn. App. 526, 529, 969 P.2d 127 (1999). Finally, we do not engage in CR 11 fact-finding. *Biggs v. Vail*, 124 Wn.2d 193, 197, 876 P.2d 448 (1994). Accordingly, Ms. Piper's CR 11 argument is unpersuasive.

■ Next, Ms. Piper contends the Department was subject to sanctions under RCW 4.84.185. But Ms. Piper did not file a motion for sanctions within 30 days after the judgment. *Id*. Consequently, Ms. Piper's demand for sanctions is time-barred. *Id*.

■ Finally, Ms. Piper asserts Department bad faith justifies a fee award. In egregious cases, a trial court may award a prevailing party attorney fees on a finding that the losing party acted in bad faith or wantonness. *See, e.g., Miotke v. City of Spokane*, 101 Wn.2d 307, 338, 678 P.2d 803 (1984); *Pub. Util. Dist. No. 1 of Snohomish County v. Kottsick*, 86 Wn.2d 388, 390, 545 P.2d 1 (1976). Notwithstanding the remedial purpose of Title 51 RCW to compensate injured workers, we cannot say on this record that the Department's position was taken in bad faith. Conflicting evidence as to causation was presented, and the Department's evidence persuaded the Board. Accordingly, Ms. Piper's bad faith argument is unpersuasive.

The trial court erred. The remedy is to reverse and remand for recalculation of the award.

A majority of the panel having determined that only the foregoing portion of this opinion will be printed in the Washington Appellate Reports and that the remainder, having no precedential value, shall be filed for public record pursuant to RCW 2.06.040, it is so ordered.

SWEENEY and KURTZ, JJ., concur.

Review denied at 152 Wn.2d 1032 (2004).