[No. 25702. Department One. September 3, 1935.]

GEO. DEWEY HAUGEN, *Respondent*, v. THE DEPARTMENT OF LABOR AND INDUSTRIES, *Appellant*.[1]

[1]Reported in 48 P. (2d) 565.

*The Attorney General* and *J. A. Kavaney, Assistant,* for appellant.

*Harry Ellsworth Foster* and *Phil K. Eaton,* for respondent.

GERAGHTY, J.—Respondent, alleging injury in extra-hazardous employment, filed his claim with the department for compensation. His claim was denied, for the reason that "the condition complained of does not constitute an injury as defined in § 7675 [P. C. § 3470], of the workmen's compensation act."

Thereafter, he applied to the joint board for a rehearing, and on June 13, 1932, the board allowed his claim to the extent of an award of one hundred and twenty dollars. On June 21, 1932, the claim was closed and the respondent notified of the fact. He thereafter continued to press his claim before the department, and it was again reopened, and on April 24, 1933, he was allowed four hundred and eighty dollars back compensation as well as a current monthly allowance of sixty dollars, this being the statutory allowance for an injured workman with a wife and two children. This allowance ceased after payments for the months of May and June. In the departmental file this notation appears:

"This claim should remain closed as claimant is employer and did not employ any workmen on date of injury. J. E. Sullivan. 7-12-33."

By letters dated August 14 and 25, 1933, respondent was directed by the department to report at Olympia for a special examination, and advised that the expense incurred in the trip would be paid. On October 19th, respondent addressed a letter to the department saying that he had reported for examination, but that his expenses had not been paid. In the letter, he also requested some explanation as to his claim.

On November 2, 1933, J. E. Sullivan, claim agent for the department, addressed a letter to him saying:

"A review of the claim and audit files substantiates our contention that on the date of injury you were not employing any workmen. We, therefore, have no alternative but to stand on our rejection of July 12, 1933, of which you were verbally informed when you called at our office.

"At this time we are requesting you to refund to the Department the sum of $830.35, which has been expended by reason of your claim."

On October 5, 1934, the respondent filed a petition for rehearing before the joint board, in which, after referring to his injury and the allowance of his claim and payment of compensation, he states that he had never received any official notice of the closing of his claim and did not know whether it had been closed or not; that his condition has grown steadily worse and aggravated, entitling him to further compensation and an award for permanent partial disability or permanent total disability. He alleges aggravation entitling him to the reopening of his case independently of the question whether his claim was theretofore formally closed and notice thereof served upon him.

The joint board made an order granting the application for rehearing "as to the question of statute of limitations only." The respondent appealed to the superior court from this disposition of his petition.

The trial court, after making findings of fact and conclusions of law, entered a judgment reversing the order of the joint board and directing the department to pay claimant the compensation provided by law for permanent total disability from the 13th day of June, 1933.

While the departmental letter of November 2, 1933, advises respondent that his claim was rejected on July 12, 1933, there is no formal order closing the

claim, and the record does not disclose that the respondent was given the written notice provided by Rem. Rev. Stat., § 7697 [P. C. § 3488]. It is true the letter recites that the respondent was verbally informed when he called at the department's office. In his testimony before the superior court, respondent denied having received any notice. Neither does the record disclose any proof of the receipt of the letter of November 2, 1933, other than the fact that a carbon copy is in the file.

Under the rule announced in the case of *Farrow v. Department of Labor & Industries,* 179 Wash. 453, 38 P. (2d) 240, we must hold that respondent did not receive the notice of the closing of his claim, provided by statute.

The sixty-day period for appeal to the joint board had lapsed when the letter of November 2nd was written. Even if there had been proof of the receipt or mailing to him of this letter, it could hardly in fairness be taken as a compliance with the statute. The letter assumes the giving of a notice not sustained by the record.

In the absence of formal notice, the respondent's right to apply for a rehearing before the joint board was not barred, especially so as he claimed aggravation which would entitle him to the reopening of his case within three years after it was closed.

The order of the joint board reopening the case for the purpose of the statute of limitations only, whatever that may mean, was not the relief to which respondent was entitled. He was entitled to have his case reopened on the merits for consideration by the joint board of all questions raised by his petition. The order of the board was, in effect, a denial of his petition for rehearing, and an appeal to the superior court was the only recourse left to him.

We are of the opinion that the proper judgment for the court to have entered was one remanding the case to the joint board with direction to grant a rehearing. The petition raised issues of fact which ought first to be passed upon by the joint board.

The judgment is accordingly reversed, and the cause remanded to the superior court for the entry of judgment directing the joint board to grant respondent's petition for rehearing.

MAIN, BEALS, TOLMAN, and BLAKE, JJ., concur.

