[No. 30961. Department One. August 13, 1949.]

OLYMPIA BREWING COMPANY, *Appellant*, v. THE DEPARTMENT OF LABOR AND INDUSTRIES *et al.*, *Respondents*.[1]

[1]Reported in 208 P. (2d) 1181.

499

MALLERY, J., dissents.

O'Leary, Meyer & O'Leary, for appellant.

The Attorney General and J. Arnold Cobley, for respondent the department of labor and industries.

L. B. Sulgrove and Van R. Hinkle, for respondent Maude Smith.

HILL, J.—On July 17, 1946, William Burr Smith was found unconscious at his place of employment, and died shortly thereafter. Mrs. Smith applied to the department of labor and industries for a widow's pension, under the provisions of the workmen's compensation act. The supervisor of industrial insurance allowed the claim and, in accordance

with Rem. Rev. Stat. (Sup.), § 7676 [P.P.C. § 717-1], ordered that the accident cost experience of the employer be charged with the sum of forty-five hundred dollars.

From that order, the employer applied for a rehearing before the joint board of the department, which application was granted. After a hearing at which the claimant was represented but only the employer introduced any evidence, the joint board sustained the action of the supervisor in allowing a pension to Mrs. Smith and in assessing the employer's accident cost experience with the sum of forty-five hundred dollars.

The employer appealed to the superior court, and it affirmed the joint board and entered an order dismissing the appeal. From that order this appeal is taken.

The appellant seeks first to raise a procedural question which may be stated: When a ruling of the supervisor as to the eligibility of a claimant for benefits under the workmen's compensation act is challenged by an employer and reviewed before the joint board, does the claimant or the department have to present a *prima facie* case showing that the claimant is entitled to the benefits of the act; or does the employer, despite the fact that there is no evidence showing that the claimant is entitled to such benefits, have to establish that the claimant is not entitled thereto?

We cannot consider that question if, from the testimony introduced by the appellant, it has been established—as both respondents assert it has—that Mr. Smith's death was related to his employment. In that event, the joint board and the superior court properly determined that Mrs. Smith is entitled to a widow's pension despite the fact that neither she nor the department offered any evidence whatsoever.

We must, then, review the evidence to see whether the necessary facts have been proved to establish the claimant's right to a widow's pension:

(a) It is conceded that the claimant is the widow of William Burr Smith.

(b) At about three o'clock on July 17, 1946, Mr. Smith was found unconscious, lying face down on the floor of one

of the cellars in the brewery where he was employed. There were slight abrasions, which had not been there before, on his nose, the right frontal area of his face, and his right cheek. Whatever had happened to him had occurred within three or four minutes of the time he was found. He died on the way to the hospital without regaining consciousness.

(c) On the day of Mr. Smith's death, he and the witness Jasper J. Denney cleaned three large steel tanks in the employer's brewery. This involved scrubbing the tanks and removing the yeast residue, which was taken out in five-gallon pails. Each pail, filled, weighed twenty-five to thirty-five pounds, and had to be carried a distance of seventy-five feet. About sixteen to twenty pailfuls were removed from each tank, and each man carried two at a time. After two o'clock that day, Mr. Smith's work was less strenuous, being limited to the use of a three-quarter inch hose to wash foam (which Mr. Denney skimmed off tanks of beer) down the drain.

(d) Mr. Smith had complained to Mr. Denny of not feeling well and of being bloated, and had attributed his condition to indigestion caused by some raspberries he had eaten the night before. Mrs. Smith told the investigator for the department that she had given Mr. Smith bicarbonate of soda the previous night because of a condition which he attributed to the raspberries.

(e) Mr. Smith had been examined two months previously by Dr. H. Wilson Coulter, who had found a cardiac murmur and concluded that Mr. Smith had a coronary occlusion. The doctor told him to rest for a week or ten days, and later told him that he must not take his old job back, or any job that called for pulling or pushing or exertion. Despite this warning, Mr. Smith returned to his old job.

(f) Dr. Coulter was asked,

"Would you say that a man in his [Mr. Smith's] condition could, with reasonable safety, carry five gallon cans of malt or refuse from malt tanks weighing anywhere from 25 to 35 pounds apiece?"

to which the doctor replied:

"No, I wouldn't advise it. That type of work would be too much for a man in the condition he was then in."

The respondents argue that this evidence brings the case within our heart cases such as *McCormick Lbr. Co. v. Department of Labor & Industries*, 7 Wn. (2d) 40, 108 P. (2d) 807 (reviewing all "heart" cases prior thereto); *Guy F. Atkinson Co. v. Webber*, 15 Wn. (2d) 579, 131 P. (2d) 421, 137 P. (2d) 814; *Long-Bell Lbr. Co. v. Parry*, 22 Wn. (2d) 309, 156 P. (2d) 225. We think not. In those cases, at least four elements were established: (1) an acute heart condition; (2) death or disability as the result of the heart condition; (3) shock or exertion, slight or great, in the course of employment by which (4) the heart was subjected to a strain beyond its capacity to withstand.

In every one of those cases there was also some medical testimony connecting (3) and (4), *i.e.*, as to the probability that the shock or exertion in the course of employment subjected the heart to a strain beyond its capacity. However, we do not go so far as to hold that medical testimony is necessary to establish the causal relationship between the shock or exertion in the course of employment and the death or disability. See *Guiles v. Department of Labor & Industries*, 13 Wn. (2d) 605, 126 P. (2d) 195. Had it been established that Mr. Smith's heart condition was the cause of death, Dr. Coulter's testimony that the carrying of buckets of yeast would be too much for a man in Mr. Smith's condition probably would be sufficient to establish the causal connection between his employment and his death.

■ The first and third elements referred to—(1) an acute heart condition and (3) shock or exertion in the course of employment—have been established. But there is no evidence that Mr. Smith's death was caused by the heart condition. As a matter of fact, there is absolutely no evidence as to the cause of death.

In the absence of any showing as to the cause of his death, it seems to us impossible to say that the causal connection between Mr. Smith's employment and his death was

established. The cause of death may have been acute indigestion from eating raspberries, as suggested by the testimony. It may have been a cerebral hemorrhage, as stated in the "Proof of Death" form required by the department but excluded from the record as a hearsay statement. However, there is in the record a report made by the department's own investigator (objected to by the claimant and the department before the joint board as hearsay, but the objection was not renewed in the superior court) in which the investigator said that the doctor who had signed the "Proof of Death" had stated that,

"No cause of his [Mr. Smith's] death could be determined. The only way that cause of death could be determined would be autopsy."

Hearsay, it is true, but part of the record, and referred to only as indicating uncertainty as to the cause of death and that the department had notice that the cause of death had not been established.

The respondents say,

"Obviously his heart stopped as the result of the labor imposed upon it, which was too much for him, as the doctor put it."

It is not so obvious to us, unless we are prepared to say that the heart stoppage which is incident to any death, must always be attributed to a known pre-existing heart condition when any exertion is shown. It is necessary that (2) death or disability as the result of the heart condition be shown, before it can be either proved or inferred that (3) exertion in the course of employment (4) subjected the heart to a strain beyond its capacity to withstand.

We have gone a long way in upholding widows' pensions in "heart" cases, but we are not willing to take the additional step of saying that proof that the heart condition was the cause of death may be omitted. We therefore hold that, in this case, there was not sufficient evidence to support a finding that Mr. Smith's death was related to his employment and that, consequently, a prerequisite to the

granting of a widow's pension to Mrs. Smith was not established.

The respondents make another contention, *i.e.*, that the fact that no causal relationship has been established between the death and the employment is immaterial, because the joint board determined that Mrs. Smith was entitled to a widow's pension and that the accident cost experience of the employer should be charged with the sum of forty-five hundred dollars, and that determination is *prima facie* correct and must prevail unless and until the employer sustains the burden of proving that she is not so entitled. They rely upon the following sentence from Rem. Supp. 1943, § 7697 [P.P.C. § 704-1], to support that contention:

"In all court proceedings under or pursuant to this act [workmen's compensation act] the decision of the Department shall be *prima facie* correct and the burden of proof shall be upon the party attacking the same."

Cases citing this statute and reiterating the rule stated (*i.e.*, the decision of the department is to be taken by the court as being *prima facie* correct, and the burden is upon the party attacking the decision) are almost legion.

The respondents' position is that "burden of proof" implies the necessity of producing a preponderance of evidence to establish that the department is wrong. We hold that one sustains the burden of proving that a decision of the joint board is erroneous when one demonstrates that there is not sufficient evidence to support it. *St. Paul & Tacoma Lbr. Co. v. Department of Labor & Industries*, 19 Wn. (2d) 639, 144 P. (2d) 250.

The statutory declaration that the decision of the department, *i.e.*, the joint board, is *prima facie* correct means that, if the evidence is evenly balanced, the finding of the department on that issue must stand. *McLaren v. Department of Labor & Industries*, 6 Wn. (2d) 164, 107 P. (2d) 230. But it does not mean that when there is no evidence to establish an essential element in a claim, the fiat of the department may be substituted for evidence. *St. Paul &*

*Tacoma Lbr. Co. v. Department of Labor & Industries,*
*supra.*

■ We have again and again declared that, while the act
should be liberally construed in favor of those who come
within its terms, persons who claim rights thereunder
should be held to strict proof of their right to receive the
benefits provided by the act. *Kirk v. Department of Labor
& Industries,* 192 Wash. 671, 74 P. (2d) 227; *Guiles v. De-
partment of Labor & Industries,* 13 Wn. (2d) 605, 126 P.
(2d) 195; *Clausen v. Department of Labor & Industries,* 15
Wn. (2d) 62, 129 P. (2d) 777; *Hastings v. Department of
Labor & Industries,* 24 Wn. (2d) 1, 163 P. (2d) 142; *D'Amico
v. Conguista,* 24 Wn. (2d) 674, 167 P. (2d) 157.

It must be conceded that the appellant has failed by its
evidence to establish that Mrs. Smith is not entitled to a
widow's pension; but it is also clear from the record that it
has not been established by anyone that she is entitled to
such a pension.

■ Under such circumstances, we must come back to the
original procedural question posed by the appellant: When
a ruling of the supervisor as to the eligibility of a claimant
for benefits under the workmen's compensation act is chal-
lenged by an employer and reviewed before the joint board,
does the claimant or the department have to present a
*prima facie* case showing that the claimant is entitled to the
benefits of the act; or does the employer, despite the fact
that there is no evidence showing that the claimant is en-
titled to such benefits, have to establish that the claimant is
not entitled thereto?

The answer is that, when the right of a claimant to
the benefits claimed under the act is challenged at the joint
board level, that right must be established. This has long
been the rule when the supervisor has determined that a
claimant is not entitled to relief and the claimant appeals
to the joint board. The rule should be the same in any hear-
ing before the joint board where the right to the relief
claimed is challenged.

█ We do not say who must establish the claimant's right to the benefits of the act. The department may assume that burden, or, if the employer goes forward with his testimony, he may establish it inadvertently; but the risk of the failure of proof must rest with the claimant.

█ A case comes before the joint board for its first real hearing, as we ordinarily use that term, although the statute refers to it as a rehearing. Rem. Supp. 1943, § 7697. The ruling of the supervisor is before the joint board, but it is not evidence and there is no presumption that it is correct. *Schafer Bros. Logging Co. v. Department of Labor & Industries,* 4 Wn. (2d) 720, 104 P. (2d) 747.

█ Only so much of the department record is before the joint board as the parties offer in evidence, and it is received subject to any objection as to its competency. *Hutchings v. Department of Labor & Industries,* 24 Wn. (2d) 711, 167 P. (2d) 444.

The respondents say that if, on an appeal by an employer to the joint board, it must be established that the claimant is entitled to the benefits claimed,

". . . it would certainly throw the practical and successful administration and operation of the department under the act into chaos and confusion."

Even worse conditions were predicted when the employer's right to an appeal was upheld in 1938. See the dissent in *Mud Bay Logging Co. v. Department of Labor & Industries,* 193 Wash. 275, 75 P. (2d) 579.

It cannot be placing too great a burden upon the department, when the supervisor's ruling in favor of a claimant is challenged by the employer, to require that there be presented to the joint board such evidence as the department may be able to produce in support thereof, the ultimate responsibility to remain with the claimant to establish his or her right to the benefits provided by the act. Otherwise, the employer is called upon to disprove, with competent evidence, the conclusion the supervisor has reached based, perhaps, on speculation and conjecture, or on hearsay or other incompetent evidence. We insist that a decision of

the joint board must be based upon the evidence before it, and that there must be some evidence of probative value as to all the essential elements incident to the right to benefits under the act. Such a requirement cannot create "chaos and confusion" if there is any basis in fact for the supervisor's decision on the question of eligibility.

The claimant must always be notified of the hearing before the joint board (as she was in this case) and be given ample opportunity to present any competent evidence he or she may desire.

We have now passed upon all the questions presented on the appeal, and have held:

(1) That the evidence in the record is not sufficient to establish that the cause of Mr. Smith's death was related to his employment;

(2) That a decision of the joint board is not entitled to be regarded as *prima facie* correct, unless there is competent evidence to support it; and

(3) That, whenever a claimant's right to the benefits of the act is challenged at the joint board level, either by the department or by the employer, the ultimate burden is on the claimant to establish his or her right to those benefits, although, when the supervisor has determined that the claimant is entitled to the benefits of the act, the department may and should present to the joint board the evidence upon which the supervisor based his decision.

We come, then, to the consideration of a proper disposition of this case.

If the claimant had proceeded upon the basis that she was obligated to establish her right to the benefits of the act by showing that the cause of her husband's death was related to his employment, and had said that she had no other evidence to present in this case, we would be confronted with a failure of proof, and the only possible disposition of the case would be a reversal, with a direction to deny the claim. However, the claimant here, while indicating that she did not desire to introduce any evidence, was misled by the department's position that its *ipse dixit* that the cause of

Mr. Smith's death was related to his employment was *prima facie* correct, and that the burden was on the employer to prove that the cause of his death was not related to his employment. Had that position been correct, the claimant would have been justified in not presenting any evidence, because the employer clearly did not sustain that burden.

 Since we now hold that the department proceeded on a fundamentally wrong basis, the matter should be remanded to the joint board for further hearing in accordance with the views herein expressed. The situation is very similar to that presented in *Miller v. Department of Labor & Industries,* 200 Wash. 674, 94 P. (2d) 764, where we held that the department had proceeded in violation of a "fundamental principle" accepted by most courts, and that the problem presented should be reconsidered in the light of that fundamental principle, and that the judgment of the trial court affirming the order of the joint board should be

" . . . reversed, and the cause remanded with direction to the trial court to refer the matter to the joint board for further hearing, consideration, and final determination, in accordance with the views herein expressed."

The joint board, having proceeded on a fundamentally wrong basis in the present case, should now reconsider the case in the light of the interpretations we have placed on Rem. Supp. 1943, § 7697, in *Schafer Bros. Logging Co. v. Department of Labor & Industries, supra,* and *Hutchings v. Department of Labor & Industries, supra,* which interpretations are herein re-stated and applied.

On that reconsideration or reopening of the case before the joint board, the claimant, the department, and the employer should be permitted to introduce any testimony desired that is competent and pertinent to the issue. *Taylor v. Department of Labor & Industries,* 175 Wash. 1, 26 P. (2d) 391. It is unnecessary to present again the evidence already before the joint board.

 We are aware of the statement in *Ivey v. Department of Labor & Industries,* 4 Wn. (2d) 162, 102 P. (2d) 683, that "The court could not remand the case for the taking of

additional evidence." That statement, while dictum in that case, is true in so far as the phrase "additional evidence" or newly discovered evidence is usually understood; but it has no application to the taking of additional testimony by the joint board on a reconsideration of an issue made necessary by the board's having proceeded on a fundamentally wrong basis in a prior hearing and determination of the case.

This is not a case of newly discovered evidence, as in *Boone v. Department of Labor & Industries,* 174 Wash. 123, 24 P. (2d) 454; *Gross v. Department of Labor & Industries,* 177 Wash. 675, 33 P. (2d) 376. Nor is it a case in which the court attempts to pass on an issue not previously considered by the department, as in *Cole v. Department of Labor & Industries,* 137 Wash. 538, 243 Pac. 7; *Taylor v. Department of Labor & Industries, supra; Haugen v. Department of Labor & Industries,* 183 Wash. 398, 48 P. (2d) 565; *Puliz v. Department of Labor & Industries,* 184 Wash. 585, 52 P. (2d) 347. Nor is it an attempt to exercise a supervisory or directory power over the department, as in *Babic v. Department of Labor & Industries,* 156 Wash. 537, 287 Pac. 32; *Ivey v. Department of Labor & Industries, supra.*

This is a case in which a further consideration by the joint board is necessary because the board proceeded on a fundamentally wrong basis in the prior hearing; and the claimant is being given a further opportunity to establish her right to benefits under the act, if she can, because she relied upon the department's erroneous position in that prior hearing.

Rem. Supp. 1943, § 7697, says, *inter alia:*

"If the [trial] Court shall determine that the Department has acted within its power and has correctly construed the law and found the facts, the decision of the Department shall be confirmed; otherwise, it shall be reversed or modified. In case of a modification or reversal the Superior Court shall refer the same to the Department of Labor and Industries with an·order directing it to proceed in accordance with the findings of the Court. . . ."

Here the department has drawn an unwarranted conclusion from the facts and has misconstrued the law. We

therefore, as in *Miller v. Department of Labor & Industries, supra,* reverse the judgment of the trial court and remand the cause, with direction to the trial court to refer the matter to the joint board for further hearing, consideration, and final determination in accordance with the views herein expressed.

BEALS, JEFFERS, and SCHWELLENBACH, JJ., concur.

MALLERY, J., dissents.

---

September 21, 1949. Petition for rehearing denied.

