[No. 5071-4-II. Division Two. November 19, 1982.]

JEAN A. STAFFORD, *Appellant,* v. THE DEPARTMENT OF LABOR AND INDUSTRIES, *Respondent.*

*Thomas H. S. Brucker, Lynn D. Weir,* and *Richard B. Price,* for appellant.

*Kenneth O. Eikenberry, Attorney General,* and *Charles R. Bush, Assistant,* for respondent.

PETRICH, J.—This is a review of an order of the Board of Industrial Insurance Appeals (Board) affirming the Department of Labor and Industries' (Department) denial of benefits sought under RCW 7.68, hereafter referred to as the crime victims compensation act (CVC). The Superior Court affirmed the Board's order. The central issue is whether the Board erred in requiring the claimant to prove that the victim of a criminal act was also innocent. We also affirm.

In the early morning hours of November 28, 1974, Wilford Davis entered the lobby of the Peerless Hotel in Oroville and, in the course of a shoot–out, killed David Stafford. Stafford's widow thereafter applied to the Department for CVC benefits. On May 5, 1975, the Department issued an order denying the claim because Stafford was not an innocent victim. A corrected order, issued on June 14, 1976, similarly denied benefits because "the deceased, David Stafford, a/k/a Donald Mock, was not an innocent victim of a criminal act . . ." The Board then granted an appeal and conducted hearings.

In the proposed order and decision, the hearing examiner stated that the claimant had the burden of proving that the deceased was an innocent victim of a criminal act. In light of a Department stipulation that Davis had been convicted of first degree murder, the examiner stated in the discussion of the proposed order and decision that Stafford had been a victim of a criminal act. However, the examiner also stated therein that the claimant had not proven Stafford to be an innocent victim. The proposed order and decision finally concluded that "the widow–petitioner . . . has not

proved by a preponderance of the evidence, that the order . . . dated June 14, 1976, . . . is incorrect." The Board accepted the hearing examiner's proposed order and decision without change. On appeal to superior court, the Board's order was affirmed. Claimant now asks us for review.

The CVC adopted those appeal provisions specified in RCW 51.52 pertaining to industrial insurance cases, but only in part. RCW 7.68.110. For review of appeals taken from the Board to a superior court, the standards set forth in the administrative procedure act, RCW 34.04.130 and RCW 34.04.140, are to be followed. Thus, our review of the administrative decision is on the record of the administrative tribunal itself. *Franklin Cy. Sheriff's Office v. Sellers,* 97 Wn.2d 317, 646 P.2d 113 (1982).

In an appeal of a departmental denial of benefits, the claimant carries the burden of presenting a prima facie case before the Board. RCW 51.52.050. If, however, the Department then offers rebuttal evidence, the claimant, being held to strict proof, must prove his claim by a preponderance of the evidence. The Board may not treat the Department's order as evidence or with a presumption of correctness. *Olympia Brewing Co. v. Department of Labor & Indus.,* 34 Wn.2d 498, 208 P.2d 1181 (1949); *Schafer Bros. Logging Co. v. Department of Labor & Indus.,* 4 Wn.2d 720, 104 P.2d 747 (1940).

Although the hearing examiner inartfully concluded that the claimant had not proved by a preponderance of the evidence that the Department's order was incorrect, a thorough reading of the examiner's discussion shows that he only expected the claimant to prove her case by a preponderance of the evidence. Moreover, the claimant raises this issue for the first time on appeal. That she cannot do. We thus find no error in the examiner's treatment of the Department's order.

We must now examine whether the Board erred in requiring claimant to prove, as an essential element incident to her right to benefits, that her husband was an

innocent victim. This is a question of law to be decided by the court though we accord substantial weight to the agency's view of the law. *Franklin Cy. Sheriff's Office v. Sellers, supra.*

■ The CVC largely follows those provisions governing the regulation and distribution of the industrial insurance benefits. Cases are legion which hold that while the Industrial Insurance Act should be liberally construed in favor of those who come within its terms, persons who claim rights and benefits thereunder should be held to strict proof of their right to receive the benefits provided by the act. *Cyr v. Department of Labor & Indus.,* 47 Wn.2d 92, 286 P.2d 1038 (1955); *Olympia Brewing Co. v. Department of Labor & Indus.,* 34 Wn.2d 498, 208 P.2d 1181 (1949). Similarly, CVC claimants should be held to strict proof of their entitlement to come within the terms of the CVC.

■■ Arguing that the claimant must establish the victim's "innocence" as part of this strict proof, the Department first points to RCW 7.68.010:

> Intent. It is the intent of the legislature of the state of Washington to provide a method of compensating and assisting *innocent victims* of criminal acts who suffer bodily injury or death as a consequence thereof. To that end, it is the intention of the legislature to make certain of the benefits and services which are now or hereafter available to injured workmen under Title 51 RCW also available to *innocent victims* of crime as defined and provided for in this chapter.

(Italics ours.) It contends that the term "innocent" is not superfluous and that it is a necessary element which claimant must prove in order to recover benefits. The above quoted statute, however, is a declaration of intent and, as such, is without operative force in itself, although it serves as an important guide to the intended effect of operative sections. *Hartman v. State Game Comm'n,* 85 Wn.2d 176, 532 P.2d 614 (1975); *State ex rel. Berry v. Superior Court,* 92 Wash. 16, 159 P. 92 (1916). We must therefore look to those operative sections to see how the Legislature intended benefits to reach innocent victims.

RCW 7.68 goes on to define "criminal act" and "victim." The term "innocent" is not defined; indeed, it does not appear again in the act. The terms "victim" and "victims" thereafter stand without such modifier. Benefits, however, are not recoverable by just any victim. "It shall be the duty of the director to establish and administer a program of benefits to victims of criminal acts *within the terms and limitations of this chapter.*" (Italics ours.) RCW 7.68.030. And it is in the section on limitations that we see how the Legislature intended benefits to reach innocent victims: "no person or spouse . . . of such person shall be entitled to benefits . . . when the injury . . . was: (a) [t]he result of consent, provocation or incitement by the victim". RCW 7.68.070(3)(a).

Unfortunately, there is no express statement as to whether the Department has the burden of proving the existence of the above limitations or whether the claimant has the burden of proving the absence of the same. The claimant points to the rule that one asserting the benefits of a general limitation of a statute has the burden of proof. On the other hand, when we read RCW 7.68.030 in light of the declaration of intent, we are led to a different conclusion. Strict proof of one's right to CVC benefits demands a showing that the victim of a criminal act comes within the statute's terms and is not excluded by its limitations.

The claimant contends that such result would be akin to requiring a plaintiff to prove the absence of contributory or comparative negligence. This analogy to tort law, however, is not appropriate.

RCW 7.68.070(3) incorporates, as one of its limitations, RCW 51.32.020, which bars worker's compensation benefits if an injury or death is caused by the worker's own deliberate intention. In a worker's compensation context, where the worker takes his life by his own hand, the claimant must prove (1) that the worker's mental condition and the death involved were proximately caused by an industrial injury, and (2) that the mental condition was such that the

decedent acted under an uncontrollable impulse or while in a delirium. *See Mercer v. Department of Labor & Indus.,* 74 Wn.2d 96, 442 P.2d 1000 (1968); *Karlen v. Department of Labor & Indus.,* 41 Wn.2d 301, 249 P.2d 364 (1952); *McFarland v. Department of Labor & Indus.,* 188 Wash. 357, 62 P.2d 714 (1936). More recently in *Schwab v. Department of Labor & Indus.,* 76 Wn.2d 784, 459 P.2d 1 (1969), our Supreme Court said at pages 791–92 that

> while we started with and adhere to the requirement of a direct causal relationship between a workman's industrial injury, insanity, and resultant self–destruction, we have tended to lean away from characterizing, in the traditional tort sense, volitional or conscious suicidal acts as an independent intervening cause precluding compensation. Rather, it appears that we have inclined more toward looking upon RCW 51.32.020 as erecting a *statutory bar* between cause and a proximately related result.

(Footnote omitted. Italics ours.)

Similarly, the limitation in RCW 7.68.070(3)(a) also raises a statutory bar to recovery. And unless the claimant can prove the absence of consent, provocation or incitement when the facts in evidence raise an issue as to one of these elements, the claimant has not demonstrated his claim by strict proof.

 Although the hearing examiner stated in his discussion that the claimant had not proved her husband was innocent, he did not state this as a finding. However, the absence of a finding in favor of one who has the burden of proof amounts to a finding adverse to such party. *Geneva Water Corp. v. Bellingham,* 12 Wn. App. 856, 532 P.2d 1156 (1975). The examiner, therefore, essentially made a finding that the claimant did not meet her burden of proving that her husband was innocent.

 The claimant now raises an issue of fact and argues that the examiner's determination, which the Board adopted, was clearly erroneous and arbitrary or capricious. We can declare a finding to be clearly erroneous when, although there is evidence to support it, the reviewing court

on the entire evidence is left with the definite and firm conviction that a mistake has been committed. *Ancheta v. Daly,* 77 Wn.2d 255, 461 P.2d 531 (1969). Here, because there was ample evidence suggesting that the victim had prepared an ambush for Davis and had fired first, we are not left with any firm conviction that the examiner made a mistake.

Under the arbitrary and capricious test, the Board's decision may be reversed only if there is no support for it in the record and it is a willful and unreasonable action in disregard of the facts and circumstances. *West Hill Citizens v. King Cy. Coun.,* 26 Wn. App. 168, 627 P.2d 1002 (1981). In light of the legislative intent that CVC benefits go to innocent victims, and in light of the record evidence, we cannot say the Board acted unreasonably.

In another issue of law, the claimant argues that the Department violated her procedural due process rights by failing to give adequate notice "of the nature and basis of the denial of her claim by the Department." Twice, however, the Department orders denied the claim because Stafford was not an innocent victim. Moreover, throughout the hearings the claimant clearly attempted to prove that her husband did nothing to provoke the attack by Davis. We thus decline to accept claimant's due process arguments.

Lastly, claimant argues that the Department should not be permitted to seek review of the Board's decision that Stafford was the victim of a criminal act. This concern apparently stems from the fact that on July 10, 1980, Davis' first degree murder conviction was set aside and replaced with an order for a suspended sentence of manslaughter. However, as there is nothing in the record to suggest that the Department has petitioned the Board to make new findings, and as our disposition of the case does not call for a remand, it is unnecessary to address this issue.

The judgment is affirmed.

REED, C.J., and PETRIE, J., concur.

Reconsideration denied April 6, 1983.

Review denied by Supreme Court June 3, 1983.