[No. 8277-2-II.   Division Two.   July 14, 1987.]

ANTONIO ROBLES, *Appellant*, v. THE DEPARTMENT OF LABOR AND INDUSTRIES, *Respondent*.

*Antonio Salazar* and *Sergio Armijo,* for appellant.

*Kenneth O. Eikenberry, Attorney General,* and *Pamela A. Morse, Assistant,* for respondent.

PETRICH, J.—Antonio Robles appeals a judgment of the superior court affirming a Board of Industrial Insurance Appeals order denying his claim for compensation under the crime victims compensation act, RCW 7.68.010 *et. seq.* The Board concluded that Robles was not entitled to compensation because he was not an "innocent victim."[1] Robles contends that: the Board failed to give proper deference to the decision in his favor by the administrative law judge (ALJ); (2) the Board's reliance on treatises discussing the effects of alcohol to support its determination that he was less credible than other witnesses amounted to a denial of his right to due process because the treatises were not made a part of the record and he had no opportunity to rebut the substance of the treatises; and, (3) the Board's decision was clearly erroneous and arbitrary and capricious.

We conclude that the Board, at the administrative level, has the ultimate authority to determine all issues presented to the ALJ including credibility of the witnesses. However, we also conclude that the Board's reliance on the various treatises amounted to a denial of Robles' right to due process, and requires reversal.

Antonio Robles, a migrant farm worker, spent the evening at a tavern in Yakima drinking beer. Also in the tavern were two sisters, Delores Modest and Karen Trowell. The sisters were accompanied by a male companion. During the course of the evening an acquaintance of Robles visited different tables in the tavern including the tables of the Modest group and Robles. The acquaintance suggested to Robles the possibility of an illicit sexual arrangement with one of the girls. Robles declined. While admitting that he consumed six beers during the course of the evening Robles denied that he was drunk. However, according to Modest, he was drunk. Robles staggered about and "kind of went to sleep" while in the tavern.

---

[1]RCW 7.68.070(3) provides that "no person . . . is entitled to benefits under this chapter when the injury for which benefits are sought, was: (a) [t]he result of consent, provocation, or incitement by the victim;"

At the 2 a.m. closing time, the parties left the tavern. From then on the parties' respective versions of the events differed sharply. According to Robles he left the tavern and began walking toward his residence. While passing the Modest group standing beside their car, he was shoved into the back seat of the car and viciously attacked. The car was driven off, he was pushed out of the car a few blocks away, and the beating continued on the street. $200 was taken from his wallet.

According to Modest, who has a prior conviction for forgery, Robles asked her sister for a ride home. The sister consented and Robles climbed in the front seat with the two women and sat next to Modest. Modest testified that Robles, ignoring her protestations, repeatedly grabbed her breast. She slapped him and a fight began. The car was stopped and the fight spilled out into the street. Both women assaulted Robles. Modest denied she took any money from Robles, contending that the assault was provoked by his unwanted advances.

Robles was taken to the hospital by the acquaintance with whom he had been drinking in the tavern. He suffered abrasions on his shoulder and left leg and numerous lacerations and contusions about his head, the most serious injury being a ruptured eye globe causing the loss of his left eye. The medical report reflects a blood alcohol reading of .23 percent. The doctor, because of Robles' apparent state of intoxication, expressed some uncertainty whether Robles understood the doctor's explanation that he had lost his left eye.

Modest and her sister were charged with first degree robbery. Modest, as part of a plea bargain agreement, entered a plea of guilty to assault in the second degree and the robbery charge was dismissed. The record does not reflect the disposition of the charge against her sister.

The ALJ entered a Proposed Decision and Order. The judge concluded that Robles was more credible than Modest and that Robles did not provoke, incite, or consent to the assault. Consequently, the judge recommended that the

Department of Labor and Industries should accept Robles' claim.

The Department petitioned the Board of Industrial Insurance Appeals for a review of the proposed order. In its petition, the Department contended that Robles failed to meet his burden of proof as his evidence consisted solely of his own testimony which was not credible because of his severe intoxication.

The Board concluded that Robles' testimony was not credible because of his .23 percent blood alcohol level at the time of the event. The Board in its written order specifically referred to "24 Iowa L.R. 191 (1939), the *Medical– Legal Aspects of the Blood Test To Determine Intoxication; Alcohol and the Impaired Driver;* A Manual on the Medical–Legal Aspects of Chemical Tests for Intoxication, by the American Medical Association's Committee on Medical–Legal Problems (1970); and *Chemical Tests and the Law,* by Robert L. Donigan of the Traffic Institute of Northwestern University (1966) [*sic*]" as being "among the legion of authority spelling out the effect of various levels of blood alcohol on the human mind and nervous system." It then concluded that Robles was so intoxicated that he literally could not remember what occurred. Robles had no notice that the Board would consider these materials and had no opportunity to respond to the conclusions advocated in them. The Board accepted Modest's testimony that Robles provoked the assault by making improper sexual advances toward her. Consequently, the Board concluded that Robles was not an innocent victim under RCW 7.68-.070(3)(a) and denied his claim.

Robles appealed to the Superior Court for Thurston County. The trial judge affirmed the Board's decision.

Under the crime victims compensation act, appeals from the Board's decisions are governed by RCW 34.04.130 and RCW 34.04.140. RCW 7.68.110. "Thus, our review of the administrative decision is on the record of the administrative tribunal itself." *Stafford v. Department of Labor & Indus.,* 33 Wn. App. 231, 234, 653 P.2d 1350 (1982).

Robles first contends that the Board's action was procedurally improper in that the Board did not defer to the ALJ's determination that Robles was more credible than Modest.

■ We disagree. "The Board has the power to substitute its judgment for that of the examiner on all issues, including credibility of witnesses observed by the examiner and not by the Board." *Rosales v. Department of Labor & Indus.*, 40 Wn. App. 712, 715, 700 P.2d 748 (1985). Consequently, the Board's substitution of its judgment for that of the ALJ was not procedurally improper. *Rosales v. Department of Labor & Indus., supra.*

■ Robles next contends that the Board's consideration of the medical and traffic treatises to support its conclusion that Robles was not a credible witness, in view of his blood alcohol level, amounted to a denial of his right to due process because those materials were never part of the record and he had no opportunity to address their contents. We agree.

> Indeed, it is a denial of due process or of the fundamentals of a trial or a hearing for an administrative agency to reach a decision on evidential facts not spread upon the record and upon information secretly collected and not disclosed, which the party complaining had no opportunity to examine or analyze, explain, or rebut.

2 Am. Jur. 2d *Administrative Law* § 444 (1962).

In *State ex rel. Puget Sound Nav. Co. v. Department of Transp.*, 33 Wn.2d 448, 206 P.2d 456 (1949), the court was reviewing the validity of the Department's rates imposed on a common carrier. One of the important factors in determining a proper rate was the effect of a contemplated award by a federal arbitrator on a then pending wage dispute. The parties apparently agreed that the Department's order would not become final until the wage dispute was resolved. On the same day the arbitrator's award was made, the Department filed its order fixing rates. The court said:

This action of the department clearly resulted in a denial to appellant [the common carrier] of due process of law, as appellant was deprived of all opportunity to introduce before the department evidence, which it claims was available, concerning the effect of the increase in its operating expenses that would necessarily follow from the considerably greater amount of wages it would be required to pay.

*State ex rel. Puget Sound Nav. Co. v. Department of Transp.*, 33 Wn.2d at 489.

Here, at a minimum, Robles should have been afforded the opportunity to review the studies which had an obvious impact on the Board's determination of who was the most credible witness. He might have been able to bring to the Board's attention other studies touching on the ability of a person of comparable size, in various stages of intoxication who had suffered severe trauma, to recall events and relate accurately what had happened.

As the record reflects, the ultimate decision rests on whether Robles or Modest was the more credible witness. The ALJ, who had the benefit of observing the witnesses testify, believed Robles was more credible. We are satisfied that the Board's conclusion, based upon the treatises, that Robles was a less credible witness without giving Robles an opportunity to meet, explain, and rebut their contents, amounts to a denial of due process.[2]

It is not necessary for us to address Robles' remaining argument that the Board's decision was clearly erroneous or arbitrary and capricious.

Reversed and remanded to the Board for the purpose of reconsidering its decision and to take further evidence it

---

[2]Robles also argues that the Board's reliance on the treatises violated the administrative procedure act, which requires the agency to afford all parties the opportunity to respond and present evidence and argument on all issues involved. RCW 34.04.090(2). However, the Board is exempted from substantial portions of the administrative procedure act, including RCW 34.04.090. RCW 34.04.150. It is only when the Board is considering claims under the crime victims compensation act that it is governed by RCW 34.04.130 and RCW 34.04.140. RCW 7.68.110.

may deem appropriate to reach a proper disposition of Robles' claim.

REED, C.J., concurs.
WORSWICK, J., concurs in the result.