2014 JUL -7 AM 9:29


# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

DEREK J. YOUNG,

          Appellant,

      v.

DEPARTMENT OF LABOR AND INDUSTRIES,

          Respondent,

CMS PAINTING, INC.,

          Defendant.

No. 71730-8-I

DIVISION ONE

UNPUBLISHED OPINION

FILED: July 7, 2014

APPELWICK, J. — Young appeals from the termination of his workers' compensation benefits. He argues that the Board of Industrial Insurance Appeals and the superior court erred in excluding two of his expert witness depositions taken in a third-party tort claim. The depositions were taken without notice to the Department and without the opportunity for the Department to appear. We affirm.

## FACTS

Derek Young was injured in a June 2007 car accident while in the course of his employment. Young's workers' compensation claim was accepted and he received time-loss benefits through September 17, 2008. The Washington Department of Labor and Industries (the Department) closed Young's claim on September 19, 2008, because his "medical record shows treatment is no longer necessary and there is no permanent partial disability." On December 31, 2008, the Department issued a notice of decision and

affirmed the order terminating Young's benefits. Young appealed to the Board of Industrial Insurance Appeals (the Board or BIIA).

The BIIA held a status conference with Young and the Department on March 16, 2009. The BIIA characterized the issues on appeal as: (1) whether Young's injury required further medical treatment; (2) whether Young was a totally and temporarily disabled worker due to residual impairment from September 18, 2008 to December 31, 2008; (3) whether Young was entitled to vocational rehabilitation; and (4) alternatively, what degree of permanent partial disability best described Young's residual impairment. The BIIA ordered Young's perpetuation depositions to be taken by July 27, 2009 and filed by August 10, 2009. The BIIA also ordered the parties to send each other the names of their witnesses, along with the date, time, and location where all their witnesses would testify. Young named two unidentified medical witnesses and one unidentified vocational witness as his experts.

On June 4, 2009, with notice to the Department, Young took a perpetuation deposition of Dr. Jay Sweet, his chiropractor. The Department appeared and cross-examined Sweet.

On June 17, 2009, Young brought a personal injury claim against Marilyn Werner. Young alleged that Werner negligently caused the car accident that injured him. He requested both economic and noneconomic damages.

In May 2010, as part of his tort claim, Young took depositions of three expert witnesses without notice to the Department. They were: (1) Patrick Bays, an orthopedic surgeon; (2) a second deposition of Sweet; and (3) Dawn Jones, an occupational

therapist. On September 9, 2010, Young filed these three depositions with the BIIA to support his workers' compensation claim.

The Department moved to exclude the three depositions from Bays, Sweet, and Jones, taken in Young's tort claim. The Department did not object to Sweet's 2009 deposition, because it received notice and appeared at that deposition. However, the Department argued, the three May 2010 depositions were taken without notice, without the opportunity for cross-examination, and in a separate matter than the BIIA appeal. The Department asserted that this violated CR 32(a) and WAC 263-12-117. Young argued in response that there was sufficient commonality of issues and interests between the defendant driver in the tort action and the Department in his workers' compensation appeal.

The BIIA granted the Department's motion. The BIIA explained that the Department did not receive notice of the depositions. The BIIA also reasoned that the differences between the civil lawsuit and Young's workers' compensation claim were "profound." The goal of the civil suit was for Young to prove liability and damages, while the defendant likely sought to deny liability and contest the value of damages. By contrast, the BIIA appeal involved eligibility for further medical treatment, time-loss benefits, and eligibility for vocational rehab. The BIIA did not exclude Sweet's deposition from June 2009.

On November 22, 2010, the BIIA held a hearing on the merits of Young's appeal. Young and two lay witnesses testified: Brian Boatright, Young's brother, and Wendell Crawford, Young's former roommate. At the conclusion of their testimony, the BIIA judge gave Young the opportunity to file a motion to continue before resting his case. Young

3

did not do so and did not call his experts to testify. As such, Sweet's first deposition was the only expert opinion that supported Young's appeal.

The Department introduced testimony from Dr. Leonard Rutberg, a neurosurgeon, and Joan Logan, a chiropractor.

On February 16, 2011, the BIIA issued a proposed decision and order affirming the Department's denial of further benefits to Young. The BIIA acknowledged that the opinion of a worker's attending physician is entitled to special consideration. However, Dr. Sweet did not provide an opinion about whether Young's injury required further medical treatment. By contrast, the Department's experts "each unequivocally said the claimant's industrial injury condition had resolved, he had reached maximum medical improvement, and further treatment was not warranted."

Young petitioned for review of the BIIA's proposed decision. On March 21, 2011, the BIIA denied Young's petition and adopted the proposed decision and order. Young appealed BIIA's decision to Pierce County Superior Court.

On October 7, 2011, Young moved for summary judgment, asking the superior court to reverse the BIIA's decision to exclude the depositions from his two medical experts, Bays and Jones. Young did not argue that Sweet's second deposition should be admitted. Young asserted that the Industrial Insurance Act, Title 51 RCW, must be liberally construed in his favor, and so relaxed rules of evidence and court rules applied.

On February 10, 2012, the superior court denied Young's motion for summary judgment. The court reasoned that the "general rule that the Industrial Insurance Act should be liberally construed in favor of the worker does not wash away all other parties' rights under the Act, or under the Rules of the Court." The court concluded that the

Department was not a successor in interest to a third party tortfeasor. Therefore, the court held that the Department was entitled to notice and opportunity to appear and to cross-examine Young's experts. The court explained that Young could have called these witnesses in the BIIA proceedings to cure the deficiency, but did not do so.

Young's appeal proceeded to a bench trial before the superior court. The superior court subsequently entered findings of fact and conclusions of law, including the following finding:

> The record reflects that the Board gave appropriate consideration to the testimony of Mr. Young's attending physician, Dr. Sweet. Dr. Sweet testified that he did not usually do disability ratings for his patients, did not offer a specific rating of Mr. Young's permanent partial disability, and stated that he had no further curative treatment to recommend for Mr. Young. His testimony including but not limited to findings of spasm and reduced range of motion did not provide a preponderance of the evidence on which to reverse the Board's decision.

The court also made the following conclusions of law:

> 2.2 As of June 26, 2008, Derek Young's industrial injury condition did not require further proper and necessary medical treatment, within the meaning of RCW 51.36.010.
>
> 2.3 During the period between September 18, 2008 and December 31, 2008, inclusive, Derek Young was not a totally and temporarily disabled worker, as contemplated by RCW 51.32.090.
>
> 2.4 Based on the record, the Department's supervisor, or his or her designee, did not abuse his or her discretion when the Department did not provide vocational rehabilitation, as provided by RCW 51.32.095.
>
> 2.5 Derek Young's residual impairment, proximately caused by his industrial injury, is best described as Category 1 for categories for permanent dorso-lumbar and lumbosacral impairments, per RCW 51.32.080 and WAC 296-20-280.

The superior court affirmed the BIIA's order dated March 24, 2011, which affirmed the Department's decision dated December 31, 2008 terminating Young's workers' compensation benefits.

Young appeals.

## DISCUSSION

We review workers' compensation cases the same as we review any other civil judgment. Rogers v. Dep't of Labor & Indus., 151 Wn. App. 174, 180, 210 P.3d 355 (2009). Our review is limited to examining the record to see whether substantial evidence supports the superior court's findings and whether the court's conclusions of law flow from the findings. Id. at 180-81. We view the record in the light most favorable to the prevailing party. Id. We do not reweigh competing testimony or inferences. Id. We review a trial court's decision to deny admission of a deposition under CR 32 for abuse of discretion. Sutton v. Shufelberger, 31 Wn. App. 579, 585, 643 P.2d 920 (1982). A trial court abuses its discretion when it is exercised on untenable grounds or for untenable reasons. Morin v. Burris, 160 Wn.2d 745, 753, 161 P.3d 956 (2007).

I. Exclusion of Expert Witness Depositions

Young argues that the BIIA and the superior court improperly excluded the two depositions and medical reports from his expert witnesses, Jones and Bays.

A. Relaxed Rules of Procedure and Evidence

Young argues that BIIA cases are subject to relaxed rules of procedure and evidence, because the Industrial Insurance Act must be liberally construed in favor of the injured worker. Young is correct that the Industrial Insurance Act "is to be liberally construed in order to achieve its purpose of providing compensation to all covered

employees injured in their employment." Dennis v. Dep't of Labor & Indus., 109 Wn.2d 467, 470, 745 P.2d 1295 (1987). All doubts about the meaning of the Act must be resolved in favor of the worker. Id. In 1941, the Washington Supreme Court stated that "strict rules of trial procedure in civil actions are not to be applied to claims before the department of labor and industries." Otter v. Dept. of Labor & Indus., 11 Wn.2d 51, 56, 118 P.2d 41 (1941). Young relies heavily on this excerpt from Otter.

Young's argument fails for two reasons. First, Young does not ask us to interpret an ambiguous provision of the Industrial Insurance Act. The liberal construction mandate comes into play when there is statutory ambiguity. See, e.g., Cockle v. Dep't of Labor & Indus., 142 Wn.2d 801, 811, 16 P.3d 583 (2001). RCW 51.52.100 states that "no witness'[s] testimony shall be received" in a BIIA hearing "unless his or her testimony shall have been taken by deposition according to the statutes and rules relating to superior courts of this state." (Emphasis added.) The liberal construction mandate does not mean that we should ignore this express provision in favor of the worker.

Second, the sentence Young relies on from Otter has been abrogated. Otter was decided in 1941. The legislature amended the Industrial Insurance Act in 1949 to create the BIIA. LAWS OF 1949, ch. 219, § 2. This amendment gave the BIIA rulemaking power. LAWS OF 1949, ch. 219, § 3; RCW 51.52.020. In an exercise of that power, the BIIA adopted WAC 263-12-125, which states, "Insofar as applicable, and not in conflict with these rules, the statutes and rules regarding procedures in civil cases in the superior courts of this state shall be followed." See also WAC 263-12-115(4) ("All rulings upon objections to the admissibility of evidence shall be made in accordance with rules of

evidence applicable in the superior courts of this state."). We hold that BIIA cases are not subject to relaxed rules of procedure and evidence.

## B. Exclusion Under CR 32(a)(5)(B)

Young argues that the BIIA and superior court improperly excluded his depositions under CR 32(a)(5)(B). CR 32(a)(5)(B) states:

> The deposition of a health care professional, even though available to testify at trial, taken with the expressly stated purpose of preserving the deponent's testimony for trial, may be used if, before the taking of the deposition, there has been compliance with discovery requests made pursuant to rules 26(b)(5)(A)(i), 33, 34, and 35 (as applicable) and if the opposing party is afforded an adequate opportunity to prepare, by discovery deposition of the deponent or other means, for cross[-]examination of the deponent.

> Substitution of parties pursuant to rule 25 does not affect the right to use depositions previously taken; and, when an action has been brought in any court of the United States or of any state and another action <u>involving the same issues and subject matter is afterward brought between the same parties or their representatives or successors in interest</u>, all depositions lawfully taken and duly filed in the former action may be used in the latter as if originally taken therefor. A deposition previously taken may also be used as permitted by the Rules of Evidence.

(Emphasis added.) Young asserts that there is identical subject matter in his tort claim and his workers' compensation claim. He also argues that the Department and the tortfeasor share the same interest in opposing his claim for recovery, and that the Department is a successor in interest to the third party tortfeasor.

CR 32(a) permits prior depositions to be used only against a party "who was present or represented at the taking of the deposition or who had reasonable notice thereof." This includes a successor in interest, as specified in CR 32(a)(5)(B). There is no dispute that the Department did not receive notice of Young's May 2010 depositions.

8

For Young's depositions to be admissible, then, the Department must be a successor in interest to the third party tortfeasor.

However, the Department is not a successor in interest. The Department did not follow the tortfeasor in ownership or control, or acquire the tortfeasor's interest. Nor did it even share a common interest with the tortfeasor. Rather, the Department has a statutory lien against damages that injured workers recover in third party tort claims. RCW 51.24.030, .060. RCW 51.24.060(1) provides that if an injured worker seeks damages from a third party, the worker recovers 25 percent and the Department "shall be paid the balance of the recovery made, but only to the extent necessary to reimburse the department . . . for benefits paid." Thus, the Department's interest in the tort claim is derivative of Young's interest, not the driver's.

Furthermore, the Department is "authorized by law to act as trustee of a fund created, established, and maintained for the purpose of providing compensation to workers and their dependents for disabilities proximately caused by industrial accidents or occupational diseases." Chavez v. Dep't of Labor & Indus., 129 Wn. App. 236, 241, 118 P.3d 392 (2005). As a trustee, the Department owes the beneficiaries of the trust— injured workers—"'the highest degree of good faith, care, loyalty, and integrity.'" Id. (quoting Allard v. Pac. Nat'l Bank, 99 Wn.2d 394, 403, 663 P.2d 104 (1983)). A tortfeasor owes no such duty. A tortfeasor's interest is in contesting liability and limiting damages.

The tort claim and the workers' compensation claim also did not share all the same issues. The tort claim involved common law issues of duty and breach. Cameron v. Murray, 151 Wn. App. 646, 651, 214 P.3d 150 (2009). By contrast, workers' compensation is a statutory no-fault system. RCW 51.04.010. The issues presented in

Young's workers' compensation claim were whether his injury occurred in the course of his employment, whether his injury required further treatment, whether he was a disabled worker, whether he was entitled to vocational services, and alternatively, his degree of permanent partial disability. This is distinct from a tort claim.

We hold that the Department was not a successor in interest to the third party tortfeasor. Nor did the two actions involve the same issues. Thus, Young's depositions were admissible under CR 32(a) only with notice to the Department. Because there was no notice, the BIIA and the superior court properly excluded Young's May 2010 depositions.[1]

C. Exclusion Under WAC Provisions

Young argues that the BIIA and the superior court wrongfully prevented him from presenting all evidence in his case-in-chief, because WAC 263-12-115 does not set forth any limitations on admissibility of medical testimony. Young further argues that the BIIA and superior court failed to consider the factors of WAC 263-12-117 before excluding his experts.

However, RCW 51.52.100 specifies that no witness's testimony may be admitted in a BIIA hearing unless it has "been taken by deposition according to the statutes and rules relating to superior courts of this state." As discussed above, CR 32(a) requires that depositions be taken with notice to the opposing party. Similarly, WAC 263-12-117(1) states that BIIA judges "may permit or require the perpetuation of testimony by deposition,

---

[1] Young argues that it creates bad policy to exclude perpetuation depositions like those he sought to admit here. However, the legislature, not this court, is in the best position to assess policy considerations. Bain v. Metro. Mortg. Grp., Inc., 175 Wn.2d 83, 109, 285 P.3d 34 (2012).

subject to the applicable provisions of WAC 263-12-115." WAC 263-12-115(4) then specifies that "[a]ll rulings upon objections to the admissibility of evidence shall be made in accordance with rules of evidence applicable in the superior courts of this state." These provisions plainly restrict the admissibility of medical testimony: it must conform to the Washington court rules and rules of evidence.

WAC 263-12-117(1) specifies that, in permitting or requiring parties to take perpetuation depositions, a BIIA judge must give "due consideration to: (a) the complexity of the issues raised by the appeal; (b) the desirability of having the witness's testimony presented at a hearing; (c) the costs incurred by the parties in complying with the ruling; and (d) the fairness to the parties in complying with the ruling." This provision governs the BIIA judge's initial decision to permit or require perpetuation depositions. It does not require these factors to be taken into account before excluding perpetuation depositions that violate the court rules. Therefore, we hold that the BIIA and superior court did not violate WAC 263-12-115 or WAC 263-12-117.[2]

## D. Due Process

Young argues that exclusion of his medical expert depositions violated due process, because it denied him the opportunity to be heard. Applicants for workers' compensation benefits are entitled to due process. Buffelen Woodworking Co. v. Cook, 28 Wn. App. 501, 505, 625 P.2d 703 (1981). A fundamental requirement of due process

---

[2] Young also argues that the BIIA and superior court violated CR 32(c), because they did not give him a fair chance to rebut the Department's experts. CR 32(c) provides, "At the trial or hearing any party may rebut any relevant evidence contained in a deposition whether introduced by him or by any other party." The purpose of CR 32(c) is to allow any party, including the offering party, to rebut statements made in a deposition. The rule does not mean that a party may introduce any rebuttal evidence, even it if violates other court rules or rules of evidence.

is the opportunity to be heard "'at a meaningful time and in a meaningful manner.'" Mathews v. Eldridge, 424 U.S. 319, 333, 96 S. Ct. 893, 47 L. Ed. 2d 18 (1976) (quoting Armstrong v. Manzo, 380 U.S. 545, 552, 85 S. Ct. 1187, 14 L. Ed. 2d 62 (1995)).

A workers' compensation applicant is denied due process if he or she is deprived all opportunity to introduce evidence at a benefits hearing. State ex rel. Puget Sound Navigation Co. v. Dep't of Transp., 33 Wn.2d 448, 489, 206 P.2d 456 (1949). Similarly, the BIIA violates due process by considering evidence not part of the record to support its conclusion that an applicant is not a credible witness. Robles v. Dep't of Labor & Indus., 48 Wn. App. 490, 494, 739 P.2d 727 (1987). An applicant must have the opportunity "to meet, explain, or rebut" the evidence. Id. at 495.

Young's due process argument is without merit. He was not denied the opportunity to present evidence rebutting the Department. Nor did the BIIA rely on evidence outside the record that Young did not have a chance to rebut. At the BIIA hearing, Young presented testimony from three lay witnesses, including himself. He also submitted the 2009 deposition of Dr. Sweet. The BIIA then gave him the opportunity to cure the deficiency with his two other expert depositions. Young could have taken new depositions. He did not do so. He could have called Bays and Jones to testify in person at the BIIA hearing. He did not do so. Young had ample opportunity to be heard.

E. Exclusion as a Sanction

Young argues that the BIIA and superior court improperly employed the harshest sanction possible by excluding his expert depositions. He contends that such a sanction should be imposed only upon a showing of willful and deliberate wrongdoing, which the record does not support here. Young relies on Burnet v. Spokane Ambulance, 131 Wn.2d

484, 933 P.2d 1036 (1997), to make this argument. Under Burnet, before excluding evidence under CR 37 for violation of a discovery order, the trial court must (1) find that the party's violation was willful, (2) find that the violation substantially prejudiced the opposing party, and (3) consider, on the record, whether lesser sanctions would sufficiently address the violation. Id. at 494. Discovery sanctions that trigger Burnet include witness exclusion. Jones v. City of Seattle, 179 Wn.2d 322, 338, 314 P.3d 380 (2013).

Here, the BIIA and superior court did not exclude Young's witnesses. Rather, the BIIA and superior court excluded Young's defective expert witness depositions, because they were taken without notice to the Department. The BIIA gave Young the opportunity to call his experts as live witnesses or to stay the proceeding for depositions to be taken with proper notice. The superior court recognized that Young could have called his experts "in the Board proceedings to cure the deficiency of notice and opportunity to appear, but chose not to." Young was not sanctioned with witness exclusion. Rather, his witness depositions were properly excluded, because they violated CR 32(a). Burnet does not apply here and there was no error.

II.   Substantial Evidence Supporting Termination of Benefits

Young argues that the BIIA and superior court erred in discontinuing further medical treatment, denying his further time loss, denying vocational rehabilitation, and denying his category 4 disability impairment. Young asserts that Sweet gave favorable opinions and those opinions must be given special consideration, because Sweet was Young's treating chiropractor. Specifically, Sweet stated that on December 5, 2008,

Young had restrictions in the cervical, thoracic, lumbar, and pelvic spine; decreased lumbar range of motion; back joint restrictions; and low back spasm.

An injured worker is entitled to proper and necessary medical treatment until he or she reaches maximum medical improvement. RCW 51.36.010; WAC 296-20-01002. Maximum medical improvement occurs when no fundamental or marked change in the accepted condition can be expected, with or without treatment. WAC 296-20-01002. Temporary total disability terminates as soon as the worker's condition becomes fixed and stable, or as soon as the worker is able to perform any kind of work. Hunter v. Bethel Sch. Dist., 71 Wn. App. 501, 507, 859 P.2d 652 (1993). Vocational rehabilitation may be provided if it is both necessary and likely to make the worker capable of gainful employment. RCW 51.32.095(2). Lastly, permanent partial disability is "any anatomic or functional abnormality or loss after maximum medical improvement (MMI) has been achieved." WAC 296-20-19000.

The Department's experts, Rutberg and Logan, examined Young as a joint panel on June 26, 2008. They reviewed Young's medical records, interviewed Young, and conducted a physical exam. They also examined an MRI (magnetic resonance imaging) of Young's spine that showed a small disc protrusion at L5-S1, but no encroachment on any neurological structures. They diagnosed Young as having suffered a neck sprain, a lumbosacral sprain, and a dislocated sacrum as a result of his industrial injury.

Rutberg and Logan concluded that these conditions had reached maximum medical improvement, so any further medical treatment would not be curative. They testified that Young was not physically restricted in his ability to work between September and December 2008. They both rated Young's permanent partial impairment level at

14

category 1 under WAC 296-20-280.[3]  Category 1 means subjective complaints and/or sensory losses "may be present or absent." WAC 296-20-280.  It is noncompensable. WAC 296-20-680(3).

We do not reweigh competing testimony.  Rogers, 151 Wn. App. at 180-81.  Based on Rutberg's and Logan's testimony, substantial evidence supports the superior court's findings that Young did not require further medical treatment and his residual impairment was category 1.  The superior court's conclusions flow from those findings.  We hold that the superior court did not err in affirming the termination of Young's benefits.

III.  Attorney Fees

Young requests his attorney fees and costs under RCW 51.52.130.  RCW 51.52.130 allows a person asserting workers' compensation rights to recover reasonable attorney fees on appeal if the BIIA's decision is "reversed or modified and additional relief is granted to a worker."  Because we do not reverse or modify the BIIA's decision, we deny Young's request for attorney fees and costs.

We affirm.

WE CONCUR:

---

[3] Young asserts that Logan and Rutberg failed to consider his muscle spasms in making their permanent partial disability rating.  WAC 296-20-270 states that muscle spasms "shall be considered, in selecting the appropriate category, only insofar as productive of low back impairment."  However, Logan stated that Young "didn't have any muscle spasm.  Hypertonicity is not a muscle spasm."