IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| REYNALDA MATA SANDOVAL, | ) | No. 38032-7-III |
| | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| DEPARTMENT OF LABOR AND | ) | |
| INDUSTRIES, | ) | |
| | ) | |
| Respondent. | ) | |

LAWRENCE-BERREY, J. — Reynalda Mata Sandoval appeals the trial court's

finding that she was not married at the time of her industrial injury. We affirm the trial

court.

FACTS

The Department of Labor and Industries determined that Reynalda Mata Sandoval

is a permanently and totally incapacitated worker, eligible for a monthly benefit equal to a

percentage of the wage she was receiving at the time of her injury. The question on

appeal is whether Ms. Mata Sandoval was eligible for a benefit equal to a percentage of

the wages she was receiving at the time of her injury. If so, her benefit would be 65

percent rather than 60 percent of her wages. RCW 51.32.060(1)(a), (g).

We summarize the facts from the administrative hearing. Ms. Mata Sandoval was born in Mexico in 1955. When she was 12 years old, a man kidnapped her. Her father told the man he had to marry her. Ms. Mata Sandoval testified she was really young then and can recall signing a paper in a place the man said was a court and being told by him they were married.

Ms. Mata Sandoval had three children with this man, and they were together for three years before they separated. After this, she had children with two other men but did not marry them because "everyone knew that I was already married." Clerk's Papers (CP) at 66.

Prior to the administrative hearing, Ms. Mata Sandoval directed one of her daughters to locate her marriage certificate where she was married, La Huerta, which is in Jalisco, Mexico. Her daughter could not find it. During the hearing, Ms. Mata Sandoval confirmed that she had been separated from the man for 40 years.

The hearing officer, and later the Board of Industrial Insurance Appeals, determined that Ms. Mata Sandoval was not legally married under Washington law. She petitioned the appropriate superior court for review.

The court reviewed the record, including the testimony from the administrative

hearing, the briefs submitted by the parties, and considered the parties' arguments. In delivering its decision, it considered controlling case law, including *Weatherall v. Weatherall*, 56 Wash. 344, 105 P. 822 (1909). It noted the case discussed presumptions of a valid marriage raised by the parties' conduct:

> If, on the one hand, parties have held themselves out as being married and then the case indicates that the presumptions . . . turn on the facts of each case, but include looking at whether parties cohabited, what their reputation was for being married, the manner in which they lived together, the opinion of their friends and neighbors and how they regarded their relationship between the parties, all come into relevant application to a decision if someone or a couple is married.

Report of Proceedings (RP) at 26-27.

The trial court found there was evidence Ms. Mata Sandoval thought she was married and that she had later represented that she had been married. It noted, however, that it was "a different proposition than did they hold themselves out as married while the two were together." RP at 28.

The trial court also explained that whether there was a marriage ceremony or solemnization[1] was important under the case law. It considered RCW 26.04.060,

---

[1] RCW 26.04.070 provides in relevant part: "In the solemnization of marriage no particular form is required, except that the parties thereto shall assent or declare in the presence of [a religious official or judicial officer], and in the presence of at least two attending witnesses, that they take each other to be spouses."

3

noting the statute validates "a marriage solemnized . . . by certain officials, . . . even if that official didn't have legal authority . . . ." RP at 29. Considering Ms. Mata Sandoval's testimony at the administrative hearing, however, the court found there was

> no detail about what took place there, if there was any kind of oath given, you know, do you want to be husband and wife, are you asserting that you want to be husband and wife? No evidence or any detail of a real ceremony where, as a part of a ceremony words are uttered, do you take this person to be married, or sign something that says we're being married. There's no detail.

RP at 30. The trial court also noted that there was no marriage certificate to provide evidence of a ceremony or solemnization.

It concluded:

> So really all I have left is that Miss Mata Sandoval thought she was married, she represented afterwards that she was, but insufficient evidence that they held themselves out as married, and that there was a solemnization or ceremony, and therefore, I'm just not persuaded that Ms. Mata Sandoval has met her burden that the Board of Industrial Insurance Appeals was incorrect in their ruling. So their ruling will remain in effect.

RP at 31. Ms. Mata Sandoval timely appealed to this court.

## ANALYSIS

STANDARD OF REVIEW

Under the Industrial Insurance Act, Title 51 RCW, appeals from the superior court are reviewed under the ordinary standards of civil review. RCW 51.52.140; *see also*

*Rogers v. Dep't of Labor & Indus.*, 151 Wn. App. 174, 179-81, 210 P.3d 355 (2009). Our review is limited to evaluating whether substantial evidence supports the superior court's findings of fact and whether the superior court's conclusions of law flow from those findings. *Ruse v. Dep't of Labor & Indus.*, 138 Wn.2d 1, 5, 977 P.2d 570 (1999).

While ambiguous provisions of the Industrial Insurance Act must be "'liberally construed'" in favor of the worker, workers claiming benefits "'should be held to strict proof of their right to receive the benefits provided by the act.'" *Cyr v. Dep't of Labor & Indus.*, 47 Wn.2d 92, 97, 286 P.2d 1038 (1955) (quoting *Olympia Brewing Co. v. Dep't of Labor & Indus.*, 34 Wn.2d 498, 505, 208 P.2d 1181 (1949)); *see also City of Bellevue v. Raum*, 171 Wn. App. 124, 155 n.28, 286 P.3d 695 (2012).

THE STATE'S NEW ARGUMENT ON APPEAL

Ms. Mata Sandoval's purported marriage took place in Jalisco, Mexico. The Department argues for the first time on appeal that the marriage's validity should be evaluated under foreign law.

CR 9(k)(2) requires a party who intends to raise an issue concerning the law of another country to give notice in its pleading. *Mulcahy v. Farmers Ins. Co. of Wash.*, 152 Wn.2d 92, 98, 95 P.3d 313 (2004). The Department did not do this. CR 9(k)(4) requires

a court to apply Washington law where foreign law has not been timely pleaded, unless such application would result in a manifest injustice.

Here, the parties presented their evidence and arguments to the lower tribunals based on the assumption that Washington law applied. Application of Washington law will not result in a manifest injustice. For this reason, we apply Washington law.

MS. MATA SANDOVAL WAS NOT LEGALLY MARRIED

Whether a person is married is determined by the status of the law at the time of the purported marriage. *Wilbur's Estate v. Bingham*, 8 Wash. 35, 41, 35 P. 407 (1894); *Kelley v. Kitsap County*, 5 Wash. 521, 523, 32 P. 554 (1893); *see also In re Welfare of Warren*, 40 Wn.2d 342, 343-44, 243 P.2d 632 (1952) (discussing the status of the law at the time of the purported marriage).

Preliminarily, we note the unintended harshness of the trial court's decision, which penalizes Ms. Mata Sandoval for her inability to recall solemnization details from 1967, when she was only 12 years old. Out of respect for her sincerely held belief she was married, we prefer to decide this appeal on a different basis. An appellate court may affirm a trial court on any basis adequately supported by the record. *State v. Costich*, 152 Wn.2d 463, 477, 98 P.3d 795 (2004).

Prior to oral argument, this panel directed our divisional clerk to issue a letter to the parties asking them to be prepared to address former RCW 26.04.010 (LAWS OF 1963, ch. 230, § 1), which provided:

> Marriage is a civil contract which may be entered into by males of the age of twenty-one years and females of the age of eighteen years, who are otherwise capable: *Provided*, That every marriage entered into in which either party shall not have attained the age of seventeen years shall be void except where this section has been waived by a superior court judge of the county in which the female resides on a showing of necessity.[2]

Ms. Mata Sandoval was 12 years old when she purportedly married. According to former RCW 26.04.010, her marriage was void unless remand might be appropriate for the superior court to consider waiving that section.

At oral argument, this panel questioned the parties about the purpose of RCW 51.32.060(1) and whether that purpose might be furthered by waiving former RCW 26.04.010. We note that RCW 51.32.060(1) varies the percentage of wages paid as a monthly benefit to a pensioned worker between 60 and 75 percent, depending on the worker's marital status and number of children. The purpose then of RCW 51.32.060(1)

---

[2] Current law requires each person to be at least 18 years of age and otherwise capable. RCW 26.04.010(1). So the issue this panel raised in the recent letter—whether a 12 year old may legally marry—was apparent from the beginning of this action.

No. 38032-7-III
*Mata Sandoval v. Dep't of Labor & Indus.*

is to provide a higher monthly benefit if the injured worker's wages might have assisted a spouse or child.

Here, because Ms. Mata Sandoval had been separated from her purported husband for 40 years, the purpose of RCW 51.32.060(1) would not be furthered by waiving the former statute. We decline to remand for the superior court to possibly waive application of the former statute.

Affirmed.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Lawrence-Berrey, J.

WE CONCUR:

_____          _____
Pennell, C.J.                                                      Staab, J.

8